Manfred G. MARTIN, Plaintiff-Appellant,

v.

Burnice J. SHULL and Nadine Shull,
Defendants-Respondents.

No. 55695.

Supreme Court of Missouri,
Division No. 1.

Jan. 10, 1972.

S. W. Longan, III, Mitchell, Meise, Cope & Longan, Kansas City, for appellant.

Warren S. Earhart, Gersh, Holt & Earhart, Grandview, for respondents.

WELBORN, Commissioner.

Appeal from judgment dismissing petition for specific performance.

The petition in the Jackson County Circuit Court, filed by Manfred G. Martin, plaintiff-appellant, against Burnice J. Shull and Nadine Shull, defendants-respondents, was as follows:

"1. That on or about the 1st day of April, 1969, defendants and each of them were the owners of the following described real estate in Jackson County, Missouri.

The east two (2) acres of the north five (5) acres of the northwest one-quarter (¼) of the southeast one-quarter (¼) of the southwest one-quarter (¼) of Section 16, Township 47, Range 33 in Kansas City, Jackson County, Missouri.

Which said lands were partially developed and partially uncultivated, promised and agreed with plaintiff that if plaintiff would pay the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) that the defendant, Burnice J. Shull and Nadine Shull would convey said land to plaintiff and make and execute to plaintiff a deed of conveyance for same.

"2. That in pursuance of said agreement to plaintiff on the succeeding months of April, May, June, July, August, September, October paid to The Commerce Savings & Loan Association of Kansas City, Missouri, the monthly payments of $106.00 while defendants and each of them were to prepare the contract for deeds on said property. That on or about April 1, 1969 plaintiff paid $175.00 as one-quarter's interest on said note. That on or about the 1st day of July, 1969 plaintiff in reliance upon defendant's promises rented said property to Mr. and Mrs. Bud Vogler and that said party took possession of the premises under a rental agreement dated the 1st day of July, 1969. Furthermore, plaintiff stored certain construction equipment and machinery upon said land in reliances on the promises of the defendants and each of them and treated and cleaned the same land as his own relying upon the promises of defendants and each of them to make him a deed thereto.

"3. That thereafter on or about October 1, 1969 defendants ejected plaintiff's tenants from said land, refused to convey said land to plaintiff and have taken actual possession against plaintiff even though plaintiff has made demand upon defendants and each of them to convey said property.

"4. That plaintiff has fully performed all the conditions of the said contract on his part.

"5. That plaintiff has no adequate remedy at law.

"WHEREFORE plaintiff prays Court for specific performance and execution of said contract and promises so made by said Burnice J. Shull and Nadine Shull, husband and wife, that the title to said land be by the Court decreed to be vested in the plaintiff and that defendants and each of them be devested of all right title and interest in the same and plaintiff prays for such other and further relief including recovery of his costs as the plaintiff may in equity and good conscience be deemed by the Court to be entitled."

Defendants' motion to dismiss on the grounds that the petition failed to state a claim on which relief might be granted was sustained by the trial court. The order of dismissal was not specified to be without prejudice and, under Supreme Court Rule 67.03, V.A.M.R., was, therefore, with prejudice. No further relief was sought in the trial court and this appeal followed.

In this Court, appellant advances the contention that the petition meets the requirements of Supreme Court Rule 55.06, V.A.M.R. He also defends the petition against attack under the statute of frauds, although the petition does not allege that the contract relied upon was oral. By their brief, the respondents have attacked the sufficiency of the petition on the grounds that the petition fails to allege an offer to pay the purchase price and on the grounds that the contract pleaded is so indefinite, uncertain and incomplete in its

terms that the chancellor would be unable to frame a decree for specific performance.

 Plaintiff was not required to assert in his petition that the contract was in writing. Jones v. Jones, 333 Mo. 478, 63 S.W.2d 146, 150–151 [7], 90 A.L.R. 219. Inasmuch as the petition did not show on its face that the contract alleged was oral, the objection based upon the statute of frauds would not be raised by the defendants' motion. 49 Am.Jur., Statute of Frauds, § 603, p. 910. Therefore the statute of frauds problem need not be considered, even though plaintiff's brief concedes that the contract was oral.

In support of his effort to reverse the trial court's judgment, appellant relies upon the oft-repeated rule that his petition must, in these circumstances, be viewed most favorably to plaintiff, with all facts alleged being deemed admitted, and with plaintiff receiving the benefit of all favorable inferences from such facts. Cady v. Hartford Accident & Indemnity Company, Mo.Sup., 439 S.W.2d 483, 485 [1, 2].

 Applying that rule to the petition in this case, the following allegations must be accepted: Defendants agreed to convey certain described lands to plaintiff if plaintiff would pay the sum of $17,500. Plaintiff paid to the Commerce Savings and Loan Association *the* monthly payments of $106 per month for the months of April, May, June, July, August, September and October, while defendants *"were to prepare the contract for deeds on said property."* On April 1, 1969, plaintiff paid $175 as one quarter's interest on *said* note. On July 1, plaintiff leased the property to the Voglers who took possession. Plaintiff cleaned up the property and stored construction machinery on it. On October 1, 1969, the Voglers were ejected by defendants who refused to convey the land to plaintiff on plaintiff's demand. Plaintiff has performed all of the conditions of the contract on his part.

The facts alleged, giving plaintiff the benefit of all favorable inferences to be drawn therefrom, failed to show the existence of a contract which may be enforced by specific performance. The petition must allege facts showing the existence of a contract capable of being performed. Lackawanna Coal & Iron Co. v. Long, 231 Mo. 605, 133 S.W. 35, 36–37. Here plaintiff alleged an agreement to convey the lands if defendants would pay $17,500. The petition did not allege to whom that sum was to be paid. Ordinarily it might be presumed that payment was to be made to the defendants as owners of the land. However, the petition continued by alleging that plaintiff made seven monthly payments of $106 per month to a savings and loan association and that plaintiff paid $175 as one quarter's interest on *said* note, the note being otherwise unidentified. These allegations produced uncertainty and failed to show the existence of a certain and complete contract required for the granting of specific performance. Terry v. Michalak, 319 Mo. 290, 3 S.W.2d 701, 702–704 [1, 2]. The further allegation that such payments were made while the defendants "were to prepare the contract for deeds" on the property was inconsistent with any claim of a completed, existing contract. This allegation showed that the parties to the negotiations had not contemplated that the arrangement to that time was intended as the final and binding agreement of the parties. See Southwest Drayage Co. v. Crawford Moving Vans, Inc., Mo.Sup., 377 S.W.2d 293, 297–298 [6].

The facts alleged in the petition did not disclose a right in plaintiff to the relief of specific performance and the trial court may not be convicted of error in sustaining defendants' motion to dismiss. No request for leave to amend the petition having been filed in the trial court, we are not met with the question of what the effect of a refusal by the trial court of leave to amend might have been. Supreme Court Rule 67.05, V.A.M.R. See Thompson v.

**4**

Fiber-Lum, Inc., Mo.App., 464 S.W.2d 514, 516–517.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.