**Hilbert SIMS, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57531.

Supreme Court of Missouri, Division No. 1.

July 16, 1973.

**816**

William E. Erdrich, Certified Law Intern, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, counsel for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

This is an appeal from an order of the trial court overruling appellant's Rule 27.-26, V.A.M.R., motion to vacate the judgment and sentence entered following his earlier conviction on a charge of assault with intent to rob with malice. Jurisdiction is vested in this Court because the notice of appeal was filed before January 1, 1972. Mo.Const., Art. V, §§ 3, 31, V.A.M. S. We affirm.

On appeal, appellant relies solely on the proposition that he was denied effective assistance of counsel in the original case wherein he was convicted. The basis for this contention as asserted by appellant is that (1) he was not properly represented in connection with his waiver of the right of trial by jury, (2) his attorney did not appeal his case, and (3) his attorney failed to make objections to certain evidence and did not file motions which he says should have been utilized.[1] The trial court, after hearing the evidence, found against appellant on all of these contentions. Those findings are not clearly erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

An examination of the transcript on appeal does not establish that appellant failed to receive a fair trial through failure on the part of his attorney. With reference to the matter of waiver of trial by jury, it is clear that appellant understood that he had such right and that he knowingly waived that right. He was questioned on the record with reference thereto by his attorney and by the court. He waived a jury trial as a matter of trial strategy.

---

1. In appellant's motion in the trial court he claimed, in addition, that his waiver of trial by jury was invalid because not in writing, and he also asserted that no information was filed. The trial court properly found against appellant on both of these points, and he does not pursue them in his brief on appeal.

The trial court was justified in finding that counsel did not misrepresent facts to the appellant or mislead him into waiving trial by jury.

With reference to his right of appeal, appellant first says in his brief that his counsel did not advise him as to such right. This, however, cannot be true because he proceeds immediately to assert that whereas he actually wanted to appeal, his counsel persuaded him not to do so. In connection with this decision, there was discussion of another felony charge pending in Kansas which he thought might be dropped if no appeal was taken, and, in addition, counsel was fearful that on retrial before a jury defendant might receive more than a ten-year sentence.[2] The trial court was not clearly wrong in overruling this contention.

█ Finally, on appellant's contention that counsel failed to make proper objections to evidence, and failed to file motions and to try the case properly, the record actually shows that counsel conducted a rather vigorous defense. The crucial issue was whether witnesses could identify the appellant. Appellant's counsel, Mr. Simon, questioned eyewitnesses who were in the tavern at the time of the incident on their knowledge of the layout, what persons were present, their ability to identify the appellant, and such matters. Appellant now uses hindsight to say that other objections should have been made or motions filed. He fails, however, to show deficiencies in the handling of his case that are of such nature as to establish that he did not receive a fair trial. Absent such showing, he is not entitled to a new trial based on asserted ineffective assistance of counsel. In McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971), the concurring opinion by Finch, C. J., (475 S.W.2d l. c. 116) pointed out that even though numerous cases in Missouri have recited the widely employed test of whether counsel's conduct made the trial a farce or mockery of justice, the court actually had undertaken to determine in each case whether appellant was deprived of a fair trial by conduct of counsel. That opinion was concurred in by Judges Holman and Henley. In addition, Judge Donnelly, in his dissenting opinion (475 S.W.2d l. c. 119), stated that the trial court should determine the question of ineffective assistance of counsel by determining whether defendant therein was denied a fair trial. Hence, a majority of the court in McQueen agreed that this is the ultimate question for determination in any case where a defendant seeks to receive a new trial based on asserted ineffective assistance of counsel.

Applying such test, we conclude that the trial court properly denied appellant's motion. Counsel's conduct did not deprive the appellant of a fair trial.

Judgment affirmed.

BARDGETT, P. J., and SEILER, J., concur.

HOLMAN, J., not sitting.

---

**2.** Actually, a codefendant, tried by a jury shortly after the defendant was tried, did receive a twenty-year sentence.