Earnest Lee LANGSTON, Movant,

v.

STATE of Missouri, Respondent.

No. 42232.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied June 8, 1981.

Richard E. Snider, Caruthersville, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Rule 27.26 motion.

Movant was convicted of robbery with a dangerous and deadly weapon and assault with intent to kill with malice. He was sentenced to concurrent terms of fifty years and life imprisonment. These convictions were upheld on direct appeal. *State v. Langston*, 515 S.W.2d 852 (Mo.App.1974). Movant brought a Rule 27.26 motion alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied the motion, refusing to vacate the aforementioned sentences. We affirm.

The evidentiary hearing on movant's Rule 27.26 motion was held on November 19, 1976 and May 19, 1977. The standard set forth in *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979), cited by movant, is specifically applicable only to evidentiary hearings held subsequent to April 25, 1979. The applicable standard in determining whether

**502**

movant was denied effective assistance of counsel is set out in *Sims v. State*, 496 S.W.2d 815, 817 (Mo.1973). *Sims* requires movant "show deficiencies in the handling of his case that are of such nature as to establish that he did not receive a fair trial" before he is entitled to a new trial based on a claim of ineffective assistance of counsel.

■ The trial court concluded that movant received a fair trial. In extensive findings of fact and conclusions of law, the Honorable Clyde Cahill determined that trial counsel was competent and effective. We agree.

Movant alleges he was denied effective assistance of trial counsel who failed to interview any of the state's witnesses prior to trial. He further alleges that, as a result of such failure, evidence which would have destroyed the credibility of one of two identifying witnesses was not discovered. In support of this contention, movant cites *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974). *McQueen* is no help to movant. Although trial counsel testified, at the evidentiary hearing, that he did not interview the state's witnesses, he testified that he did obtain, and read, police reports. These police reports included statements by state's witnesses revealing the substance of their testimony. By way of further preparation for trial, counsel went to the scene of the crime and made sketches and interviewed defendant and alibi witnesses and prepared them for trial. At trial, counsel cross-examined all of the state's witnesses, including the two identifying witnesses. Movant was identified prior to trial, and at trial, by the victim. At trial, a fourteen year old eyewitness, endorsed by the state, also identified movant. It is the credibility of this eyewitness which movant claims would have been destroyed.

In *McQueen*, the court concluded that the failure to interview all witnesses and do nothing else in the preparation for trial is ineffective assistance of counsel. This does not apply to the instant appeal. The witnesses which movant brought forth at the evidentiary hearing to destroy the credibility of the eyewitness were not endorsed by the state at trial. Counsel was not on notice that such evidence existed. There is no special duty to ferret out favorable evidence when there is no notice that such favorable evidence exists. *Morris v. State*, 547 S.W.2d 827 (Mo.App.1976).

The trial court concluded counsel's failure to interview state's witnesses was a matter of trial strategy, not mere oversight or negligence. These findings of fact and conclusions of law are not clearly erroneous.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.