# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER SESSION, 1997

FILED

October 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES EDWARD LOPER,      )
                         )
    Appellant        )
                         )
vs.                      )
                         )
BILLY COMPTON, Warden,   )
and STATE OF TENNESSEE,  )
                         )
    Appellee         )

No. 02C01-9611-CC-00398

LAKE COUNTY

Hon. JOE G. RILEY. JR., Judge

(Writ of Habeas Corpus)

For the Appellant:

**JAMES EDWARD LOPER**, *Pro Se*
Register Number 253396
Route 1, Box 330
Tiptonville, TN  38079-9775

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. PHILLIP BIVENS**
District Attorney General
P. O. Drawer E
Dyersburg, TN  38024

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, James Edward Loper, appeals the trial court's dismissal of his *pro se* application for writ of habeas corpus. On September 5, 1995, the appellant pled guilty in the Madison County Circuit Court to one count of rape of a child, one count of aggravated rape, and one count of aggravated sexual battery. The appellant is currently serving an effective fifteen year sentence at the Lake County Regional Correctional Facility for these offenses. On October 11, 1996, the appellant filed an application for a writ of habeas corpus alleging that the judgments entered against him are void because the indictment failed to allege the *mens rea* of the offenses charged. On October 14, 1996, finding that "allegations concerning the sufficiency of the indictments are not subject to habeas corpus relief," the trial court dismissed the appellant's petition. The appellant now appeals the trial court's dismissal.

After a review of the record, we affirm the decision of the trial court.

The trial court dismissed the appellant's petition for failure to state a ground for which habeas relief was available. The appellant asserts, relying exclusively upon federal habeas corpus law, that the "defective" indictment against him effectively denied the trial court the jurisdiction to enter a judgment against him, thereby, rendering his convictions void. We reject this argument by the appellant. In Tennessee, habeas corpus relief is <u>only</u> available when a conviction is <u>void</u> because the convicting court was without jurisdiction or authority to sentence a defendant, <u>or</u> that a defendant's sentence has <u>expired</u> and he is being illegally restrained. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). It is well-established that allegations concerning the sufficiency of the indictment are not the proper subject of state habeas corpus relief. <u>See</u> <u>Haggard v. State</u>, 475 S.W.2d

2

186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969); Barber v. State, No. 01C01-9408-CR-00281 (Tenn. Crim. App. at Nashville, Feb. 23, 1995). Clearly, the appellant is attempting to expand the scope of habeas corpus in Tennessee to that which applies in the federal courts. See 28 U.S.C.S. § 2241 *et seq.* However, we are not obligated to incorporate federal habeas limits and laws into our state procedure. Turks v. State, No. 02C01-9502-CR-00035 (Tenn. Crim. App. at Jackson, Jan. 3, 1997). This argument is without merit.

Moreover, we find the substance of the appellant's claim to be without merit. The appellant, in his application for writ of habeas corpus, alleges that the judgments entered against him for the offenses of rape of a child, aggravated rape, and aggravated sexual battery are void because the indictment fails to allege the *mens rea* of the offenses charged. In order for an indictment to satisfy both constitutional and statutory guidelines, it must contain the material elements of the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. §40-13-202 (1990); State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992). No requisite mental state is included in the definition of these offenses. See Tenn. Code Ann. § 39-13-522 (1994 Supp.); Tenn. Code Ann. § 39-13-502 (1994 Supp.); Tenn. Code Ann. § 39-13-504 (1994 Supp.). When the legislature fails to define a specific mental state in the definition of an offense, permitting proof of either intent, knowledge, or recklessness, Tenn. Code Ann. § 39-11-301(c)(1991), an allegation of criminal conduct will provide the accused constitutionally adequate notice of the facts constituting the offense. Moreover, since under these circumstances, the accused's mental state is not a material element of the offense and need not be included in the indictment, the appellant's challenge is not jurisdictional in nature, *i.e.*, a defect that renders the indictment void. State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App. at Knoxville,

Jan. 31, 1997) (citations omitted).  Other panels of this court have upheld the validity of indictments under similar challenges.  See, e.g., Slagle v. State, No. 03C01-9704-CR-00145 (Tenn. Crim. App. at Knoxville, June 25, 1997);  State v. Vann, No. 03C01-9602-CC-00066 (Tenn. Crim. App. at Knoxville, June 10, 1997); State v. James, No. 01C01-9601-CR-00016 (Tenn. Crim. App. at Nashville, Mar. 27, 1997); State v. Burrell, No. 03C01-9404-CR-00157 (Tenn. Crim. App. at Knoxville, Feb. 11, 1997).

Contrary to the appellant's assertions, the allegations in the indictment sufficiently apprise the accused of the offenses of rape of a child, aggravated rape, and aggravated sexual battery.  Consequently, we find the indictment valid. The trial court's dismissal of the appellant's petition for writ of habeas corpus is affirmed.

_____

DAVID G. HAYES, Judge

CONCUR:

4

_____

JOHN H. PEAY, Judge

_____

PAUL G. SUMMERS, Judge