**STATE of Missouri, Respondent,**

v.

**James Albert BARKER, Appellant.**

**No. 55897.**

Supreme Court of Missouri, Division No. 1.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Melvin E. Carnhan, Rolla, for appellant.

HIGGINS, Commissioner.

James Albert Barker, with prior conviction for felonious assault with malice, was convicted by a jury of burglary, second degree, and stealing. The court assessed defendant's punishment at three years' imprisonment on each conviction, ordered the terms to run consecutively, and sentence and judgment were rendered accordingly. §§ 556.280, 560.070, 560.110, V.A.M.S.

Appellant does not question the sufficiency of evidence to sustain the conviction, and a brief statement demonstrates that the state made its case.

Officer Walter Jackson saw defendant and Bill Salts enter Glenn Harrell's 509 Liquor Store in Rolla, Phelps County, Missouri, shortly before midnight, March 24, 1970. They emerged from the liquor store with Salts carrying a sack later found to contain a six pack of beer in cans. They went to the window of Fuller's Jewelry Store, also in Rolla, the sack was swung upward, glass broke, a burglary alarm sounded, and defendant and Salts ran.

Officer Jackson radioed a request for assistance, and Patrolman James S. Elliott, in response, stopped defendant and Salts. Sergeant Huskey and Lieutenant Lambeth arrived soon after and ordered the men to stand against a building with hands over their heads.

Sergeant Huskey observed defendant keeping his right fist closed. After repeated requests, defendant opened his fist and Sergeant Huskey heard an object strike the ground. The officers placed the men in a patrol car and Sergeant Huskey, using his flashlight, found a watch partially covered with gravel and dirt at the spot where defendant was standing when he opened his fist. The watch was identified by James Estey, owner of Fuller Jewelry Store, as one which had been in his inventory and in the window display when the premises were closed at the end of business March 24, 1970.

Defendant was taken to City Hall by Lieutenant Lambeth. He was given "Miranda" warnings, after which he declined to make any statement.

On the following Monday morning defendant was in the prosecuting attorney's office. He was advised again of his "Miranda" rights and, according to Officer Thorpe, he then confessed to breaking the window and taking the watch.

Appellant's sole point is a charge of "federal constitutional error in admitting the testimony of Policeman Kenneth Thorpe in which he testified to an alleged oral confession by defendant, because defendant had requested an attorney at an earlier interrogation by police and he had not affirmatively waived his right to an attorney, and he had no attorney at the time of the subsequent interrogation when the alleged confession was made." See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; State v. McGee, Mo., 447 S.W.2d 270; State v. Nolan, Mo., 423 S.W. 2d 815.

Appellant concedes that this claim was "not properly preserved in the trial court,"

341

but contends that admission of the statement constituted "plain error affecting substantial rights and manifest injustice or miscarriage of justice has resulted therefrom." See Criminal Rule 27.20(c), V.A.M.R.; State v. Rapp, Mo., 412 S.W.2d 120; State v. Beasley, Mo., 404 S.W.2d 689; State v. Stuart, Mo., 456 S.W.2d 19; State v. Martin, Mo., 433 S.W.2d 565.

The gist of appellant's argument is that he requested an attorney when first advised of his rights by Lieutenant Lambeth at City Hall immediately after his arrest. He claims he was to have an attorney before and during any subsequent interrogation, and that he had no attorney when the interrogation in the prosecutor's office occurred.

The difficulty with this argument is that the statement admitted in evidence through the testimony of Officer Thorpe was not the product of any interrogation, the feature which distinguishes this case from appellant's citations.

According to Patrolman Thorpe, he was present with defendant in the prosecuting attorney's office where the incident occurred. He heard defendant say, "I did it. I broke the window and took the watch. I don't know what got into me, but I did it. I sure am sorry." There was no objection to the admission of this testimony, and the direct and cross-examinations do not disclose that any questions were asked of defendant prior to the statement; the testimony shows only that "Miranda" warnings were given prior to the statement.

Defendant testified in his own behalf and, in connection with the present charge, the following testimony is significant.

"Q Now, at any time later [after the confrontation at City Hall] did anyone attempt to interrogate you or attempt to take a statement from you of any kind? A No * * *.

"Q But did they try to question you and see if you wanted to talk to them and— about the incident, make any kind of statement? A No, sir. * * *

"Q And were you in Mr. White's office? A Yes, sir.

"Q Who else was there? A. Mr. Salts was in there * * * They was a policeman in there, Kenny—Kenny something * * *. Q Is that the one that testified? A Yes, sir. Q Kenny Thorpe * * *? A Yes, * * *.

"Q Was there any attempt to question you or discuss the case there? A No, he read—read off what we—what we were—or explained it to us, about the case * *."

Further questions from his counsel elicited answers from defendant to the effect that he told the officer about the window but denied the statement in the form narrated by Patrolman Thorpe.

Appellant makes no reference to the record to show that he was ever interrogated; the context of the statement shows it not to have been a product of interrogation, and defendant's own testimony is a denial of any interrogation or attempt to obtain a statement from him. Accordingly, the admission of the statement was not erroneous. It was voluntarily made to the prosecuting attorney; it did not follow or result from interrogation; and it does not fall within the prohibition of Miranda v. Arizona, supra. State v. Peck, Mo., 429 S.W.2d 247, 251[6]; State v. Burnett, Mo., 429 S.W.2d 239, 242–243 [2]; Gregg v. State, Mo., 446 S.W.2d 630, 632 [1, 2].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.