James A. BARKER, Appellant,

v.

STATE of Missouri, Respondent.

No. 9480.

Missouri Court of Appeals,
Springfield District.

Jan. 21, 1974.

Dan L. Birdsong, Rolla, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Robert Presson, Asst. Attys. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is a Rule 27.26 V.A.M.R. proceeding in which James Albert Barker sought to set aside and vacate burglary and stealing convictions he is serving in the Missouri Department of Corrections. Following an evidentiary hearing the Circuit Court of Phelps County denied appellant's motion. We affirm.

Appellant was convicted by a jury and appealed to the Supreme Court where the convictions were affirmed. State v. Barker, 472 S.W.2d 339 (Mo.1971). The state's evidence is detailed in that opinion and we will forego another recitation of the facts. In the direct appeal appellant unsuccessfully contended that a confession used against him at the trial was obtained and used in violation of his constitutional rights. The Supreme Court held that appellant's incriminating statement was not the result of interrogation by state officials, that the statement was volunteered by the appellant, and its admission at the trial was not error.

Appellant's motion for relief under Rule 27.26 alleged the following grounds: (a) insufficient evidence to support the verdict on burglary; (b) insufficient evidence to support the verdict of stealing, (c) ineffective assistance of counsel, (d) prejudicial error was committed.

A motion to vacate is not to function as an appeal nor to afford a second appellate review and the trial court properly concluded that allegations (a), (b) and (d) were not within the scope of a Rule 27.26 proceeding. Tucker v. State, 482 S.W.2d 454 (Mo.1972). In this appeal the appellant has not questioned the judgment of the trial court as to these grounds but seeks to overturn the lower court's determination that he failed to sustain his burden of proof as to his charge that his trial counsel was ineffective.

We initially observe that appellant's singular "point" is nothing more than a mere abstract declaration and does violence to the requirements of Rule 84.-04(d), V.A.M.R. It states: "The court erred in denying movant's motion to vacate and set aside judgment of conviction and sentence because movant did not have effective assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States as applied to the State of Missouri by the Fourteenth Amendment to the United States Constitution." As recently pointed out by this court "We have no duty to seine the argument portion of an appellant's brief or the transcript on appeal to ascertain the whereins and whys of claimed errors presented in the points relied on as mere conclusions [State v. Dennison, 428 S.W.2d 573, 579 [8] (Mo.1968)] and would be justified in terminating our consideration of these points because of the nonobservance of Rule 84.04(d)." Griffith v. State, 504 S.W.2d 324 (Mo.App. decided January 10, 1974). Again, however, in the interest of justice we will consider appellant's contention and the trial court's ruling thereon.

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Deckard v. State, 492 S.W.2d 400 (Mo.App.1973). And in mak-

ing this determination it is not within our prerogative to consider whether findings of fact by the trial court are against the evidence or against the greater weight of the evidence. Evans v. State, 477 S.W.2d 94 (Mo.1972). The credibility of witnesses and weight of evidentiary matters are for the trier of fact. Lansdown v. State, 464 S.W.2d 29 (Mo.1971). And, one seeking to have an allegedly illegal sentence vacated has the burden of proving his ground for relief by a preponderance of the evidence. Collins v. State, 450 S.W.2d 186 (Mo.1970); Rule 27.26(f).

During the presentation of the state's case at appellant's trial Officer Thorpe testified he was present in the office of the prosecuting attorney when the appellant made the following incriminating statement: "I did it. I broke the window and took the watch. I don't know what got into me, but I did it. I sure am sorry." This statement was the subject of appellant's direct appeal and as previously noted was declared by the Supreme Court to be voluntary in the constitutional sense and not proscribed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant now argues that the failure of his trial attorney to interview Officer Thorpe prior to the trial, the failure of his attorney to file a motion for disclosure [of confession] or make inquiry of the prosecuting attorney concerning any incriminating statements made by appellant, and, the failure at trial of his attorney to object to the admissibility of the confession-statement, or, following Officer Thorpe's testimony to ask for a recess or continuance on the grounds of "surprise", demonstrate that he was constitutionally deprived of effective assistance of counsel.

The charge that counsel was constitutionally ineffective has become a common ground alleged in motions to vacate sentences and attorneys appointed to represent such movants are cast with the onerous burden and unpleasant chore of attempting to prove that their brethren at the Bar earlier failed in discharging their professional responsibilities as lawyers. In his concurring opinion in McQueen v. State, 475 S.W.2d 111, 116 (Mo. banc 1971), the then Chief Justice of the Missouri Supreme Court, Judge Finch, observed: "This question of asserted ineffective assistance of counsel is being raised in many post-conviction proceedings at the present time . . . ." We would add that since this court has been vested with jurisdiction of appeals in post-conviction motions [January 1, 1972] the words "most" should be used in lieu of "many". In discussing the question of ineffective assistance of counsel in *McQueen*, Judge Finch said (pp. 116–117):

"The test on this question which this court has stated on several occasions is whether counsel's actions, or lack thereof, have made the trial a farce or mockery of justice. [citations] This is the test which many federal courts, including the Court of Appeals for the 8th Circuit, have adopted. [citations]

"Stated in this language, the rule perhaps sounds unduly restrictive or harsh by reason of the choice of descriptive terminology. However, I believe that examination of the cases indicates that in most instances the courts, after stating such a test, have sought actually to ascertain whether there has been such a failure on the part of the attorney that defendant has not had a fair trial. If he has not had such a trial, the courts, even though using the farce and mockery terminology, have granted a new trial. Where, however, the court has concluded that under the evidence before it the defendant had a fair trial, then he has not been granted another trial on the basis of lack of effective assistance of counsel. This is true even though the evidence may have shown that counsel might have prepared or handled the case differently or done otherwise, possibly with a better result . . .

" . . . The question we must determine here is whether, as a result of the conduct of counsel, appellant should be granted a new trial on the basis that he was *improperly convicted* as a result of not having had a fair trial." (emphasis added)

■ Thus, in Missouri, the ultimate question for determination, where a charge of ineffective assistance of counsel is made in a Rule 27.26 proceeding, is whether the defendant was denied a fair trial. Sims v. State, 496 S.W.2d 815 (Mo.1973). And to be successful in such an assertion a movant must demonstrate that the neglect of his attorney has resulted in prejudice to his position and deprived him of substantial rights. McKnight v. State, 497 S.W.2d 201 (Mo.App.1973).

■ We will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions. Cheek v. State, 459 S.W.2d 278 (Mo.1970). At the evidentiary hearing appellant's trial attorney testified that he did not interview Officer Thorpe concerning any incriminating statements defendant may have made nor make any inquiries of the authorities as to such statements because the appellant had assured him that he had not made any incriminating statements to the authorities. " . . . I really didn't think Mr. Barker had made any statements incriminating himself. If I may be candid about it, he had been convicted twice. He knew how convictions were obtained, largely by incriminating statements. He had a greater awareness of this, so I felt when he told me he hadn't made any statements that he knew what he was talking about and that he had not." Appellant admitted that he had told his attorney he had not made any incriminating statements and denied at his trial and at the evidentiary hearing that he had made the remarks attributed to him by Officer Thorpe.

In Johnson v. State, 479 S.W.2d 416 (Mo.1972), the court, in rejecting a charge

of ineffective assistance of counsel, said (p. 420): "This contention demonstrates the too prevalent idea that counsel is 'ineffective' in the constitutional sense unless he obtains an acquittal, and that hindsight should be the standard to determine the competency of counsel. *In the preparation of a case a lawyer is not required to be clairvoyant, and he must of necessity rely on information furnished him by his client.*" (our emphasis)

Appellant has wholly failed to demonstrate how and in what manner he was deprived of a fair trial by the various charges of non-action by his trial attorney. Nor has he in any way shown he was deprived of "available defenses" [McQueen v. State, supra, 475 S.W.2d at 114]. A motion to disclose appellant's incriminating statement, a motion to suppress the statement, inquiries or interviews with the prosecutor or Officer Thorpe concerning the statement, or, objection to the statement at trial, would have not prevented the use of such evidence at appellant's trial. The fact that appellant's attorney was surprised by testimony of the incriminating statement was due to the attorney's understandable reliance upon what his client, the appellant, had told him. "The mere fact that he [attorney] failed to interview all the witnesses or any of the witnesses on the indictment does not necessarily mean he was negligent in the preparation of the case." McQueen v. State, supra, at 112.

In his dissenting opinion in the *McQueen* case Judge Donnelly, took the position that in post-conviction motions involving claims of ineffective assistance of counsel a logical procedure to be followed would be for "[t]he trial judge to review the transcript of the trial, to consider evidence adduced at the evidentiary hearing, and, on the basis of all the facts . . . stating only whether, in his opinion, the defendant was *denied a fair trial.* On appeal, the entire record would again be reviewed and a decision rendered . . . whether the conclusion of the

trial judge was 'clearly erroneous.' " McQueen v. State, supra, at 119.

The trial transcript was not offered in evidence at the hearing on appellant's motion but in the interest of expediency and justice we have obtained the transcript on direct appeal from the Supreme Court under the authority of Layton v. State, 500 S.W.2d 267 (Mo.App.1973) and had the benefit of it together with the evidence offered at the evidentiary hearing. As suggested by Judge Donnelly we have reviewed the "entire record" and are of the opinion that the trial court's conclusion was not clearly erroneous. We would further add that appellant was not improperly convicted; his trial was not a farce or mockery of justice; and, appellant had a fair trial.

The judgment is affirmed.

STONE and TITUS, JJ., and CAMPBELL, Special Judge, concur.

HOGAN, C. J., not sitting.