Willis L. **RODGERS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 60434.

Supreme Court of Missouri,
En Banc.

June 15, 1978.

Rehearing Denied July 24, 1978.

See also, Mo.App., 525 S.W.2d 447.

Michael P. Burke, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

The appellant, movant Willis L. Rodgers, appeals from an order of the circuit court in St. Louis denying without an evidentiary hearing or appointment of counsel, his pro se motion under rule 27.26 to vacate a 35-year sentence for first degree robbery. Rodgers was convicted after a jury trial and sentence was imposed by the court under the second offender act. The state had a strong case against Rodgers. He and his companion were caught by the police after a short chase from the scene of the holdup, in possession of the loot. Defendant put on no evidence whatsoever. On direct appeal the conviction was affirmed in *State v. Rodgers,* 525 S.W.2d 447 (Mo.App.1975). While Rodgers' pro se 27.26 motion attempted to state several grounds, the one which requires attention is the claim of ineffective assistance of counsel. Rodgers' pro se, alleged that defense counsel "was not seen until the day of trial"; that until then, movant did not even know defense counsel was on the case; that counsel held no discussions or interview with movant, did not discuss defense moves or strategy with movant at any time and made no factual investigation; that movant's right to effective assistance "is not limited to the court room"; that counsel was not "there" in the early critical stages of the proceedings and failed to aid and assist movant "to the depths of the case against him"; that movant informed the trial court that he had

not seen counsel prior to the day of trial, but the court refused his request to dismiss counsel or to grant a continuance.

The court of appeals, St. Louis district, affirmed and the matter was transferred here on movant's application because of the general interest and importance of the question of whether a pro se petition such as above does not, in fact, state sufficient grounds at least to warrant appointment of counsel to consult with movant and file an amended petition, stating in lawyerlike fashion what occurred and the consequences from defendant's standpoint, for the further consideration of the trial court before any decision is reached concluding that no evidentiary hearing is required. We conclude the answer is yes, for the reasons stated below, and accordingly reverse and remand with directions.

The experienced and highly respected trial judge made specific findings of fact and conclusions of law, but failed, we believe, to meet the issues inherent in the ineffective assistance of counsel claim as presented by movant's rather disorganized yet pointed assertions. The question is largely one of law and we believe the trial court's conclusions and judgment are clearly erroneous.

We believe it is fair to say the trial court disposed of movant's ineffective assistance of counsel claim on the basis that the evidence as to movant's guilt was "overwhelming" and that no allegations were made by movant as to what counsel could have done to present "any semblance" of a defense; that this failure to allege what counsel could have done by way of trial preparation was "fatal" to the claim, particularly where movant "does not even allege his innocence or claim to have a meritorious defense."[1]

In our judgment this is too restrictive a view of what effective assistance of counsel requires. Effective assistance of counsel is not limited to being able to produce something which would change the outcome of the trial, so that in a case where guilt is so clear that nothing could be produced to overcome it, it follows that counsel could not have been ineffective. Movant was attempting to say as much when he alleged his right to effective assistance "is not limited to the court room." Effective assistance of counsel also includes what goes on before the trial as well as what takes place afterwards. If we assume what movant alleges to be true, and we have no right to do otherwise when we are testing the sufficiency of his claim on paper, particularly where as here there is nothing in the record which contradicts his allegations of fact as to counsel's alleged failure to consult with movant prior to trial, then we must accept as a fact that the lawyer in this case had no contact with movant until the day of the trial, at which time he appeared, introduced himself to the defendant, and proceeded to trial. To hold that a pro se 27.26 petition making such a claim can be dismissed without a hearing or appointment of counsel is not a rule with which the courts can live. Such a rule would condone last minute appointments of counsel or last minute attention on the part of counsel appointed earlier. It would encourage offhand treatment of criminal cases and would provide fertile soil for the seeding of post-conviction claims.

A lawyer who does not see his client until the day of trial and who had no communications with him before then is not meeting his responsibility as a lawyer and is not rendering effective assistance. There is more to the responsible, reasonable and thorough representation of a client than showing up on the day of trial and appearing as defendant's lawyer in the courtroom. Counsel should have consulted with his

---

1. We assume that by this the trial court was continuing to refer to movant's inability to allege any favorable facts which counsel had overlooked going to the merits in the original trial and that the trial court did not mean that innocence or a meritorious defense is a prerequisite to relief under rule 27.26, as we have held that guilt or innocence of the defendant is not to be considered under a 27.26 motion. *State v. Reese*, 481 S.W.2d 497 (Mo. banc 1972). And, of course, it is not a prerequisite to entitlement of effective assistance of counsel that defendant be innocent or that there not be a strong case against him or that the issue of guilt or innocence be a close one.

client well in advance of trial, ascertained from the client what he stated the facts to be, and done enough investigation and checking of facts and stories to make a reasonable appraisal of the strength of the state's case and the weakness of the defense.[2] If counsel concluded the case was hopeless it was his duty so to advise the client and ascertain whether defendant would be willing for counsel to explore the possibility of a guilty plea and what the attitude of the prosecutor or his assistant would be in this regard and also, to the extent that it could properly be done, the attitude of the trial court with respect to any recommendations which the prosecutor might make or upon which counsel and defendant could agree. The time to commence this sort of negotiation and bargaining is before the parties arrive at the courthouse the morning of trial, by which time positions have hardened, witnesses are present, the court and the jury ready to go. All this fruitful period of time for possible disposition of the case without a trial and with a lower sentence in exchange for a settlement—a guilty plea—is lost when the lawyer sees his client for the first time on the morning of trial.

The duty of counsel in this regard is well put in the American Bar Association's Standards Relating to the Prosecution Function and the Defense Function, Approved Draft, 1971, p. 245, as follows:

6.1 Duty to explore disposition without trial.

.    .    .    .    .

(b) When the lawyer concludes, on the basis of full investigation and study, that under controlling law and the evidence a conviction is probable, he should so advise the accused and seek his consent to engage in plea discussions with the prosecutor, if such appears desirable.

In the Commentary following the above, at 246, appears the following:

b.  Early Evaluation of Case

As soon as the lawyer has an understanding of the factual and legal aspects of the case he should determine whether a plea of guilty is the desirable course in the best interests of his client. If that is his informed conclusion, it is his duty to advise his client and seek the client's authority to explore with the prosecutor the prospects of a favorable disposition without trial.

Most cases are disposed of not by trial but as the result of a plea of guilty. . . . To the defendant it affords the opportunity to avoid the ordeal of trial, to mitigate the penalties, and often also to have sentence determined without having the sentencing court hear all of the adverse testimony which would be produced at trial . . .

Since disposition by plea is mutually advantageous in many circumstances, plea discussions are a significant part of the duty of defense counsel. Courts and prosecutors have developed criteria which guide the exercise of their respective discretions. These standards and rules-of-thumb are not to be found in the codes, case reports and other sources of law, but a working understanding of them is part of the accumulated skill and experience of the defense lawyer. Ignorance of the prevailing practices and attitudes of the prosecutor and the court as to plea discussions may be as much a handicap to effective representation as is unfamiliarity with the facts or law related to the case; hence it is imperative that the defense lawyer be aware of them. If he lacks sufficient personal experience, he should consult experienced colleagues. Legal aid and defender offices also serve as a repository of such information to which all members of the bar may turn and the expansion of

---

2.  The trial court in dismissing movant's 27.26 motion without appointment of counsel or an evidentiary hearing stated that the transcript of the original trial showed a thorough knowledge by defense counsel of the facts. It follows, then, that defense counsel knew of the hopelessness of any trial defense and that a plea of guilty would likely offer a better solution for defendant.

such facilities gives the bar a rich source of potential assistance.

Assistance of counsel in the above respects was not made available to movant. Defendant was deprived of an opportunity to have advice of counsel on what disposition should be attempted in his best interests of the charge against him. This is no more than would be expected by anyone who employs a lawyer—the lawyer's objective appraisal of what the client is facing and the lawyer's advice as to the best course to follow. In his inartful way movant was trying to plead this—when movant spoke of counsel's assistance not being limited to the courtroom and of counsel's failure to assist him "to the depths of the case against him", movant was attempting to refer to the fact that he had no help from counsel at a time when it was most needed and that counsel's presence the morning of trial did not provide the kind of legal assistance which movant needed earlier.

The state relies on the proposition that counsel is ineffective only if his representation deprives the defendant of a fair trial, citing *Sims v. State,* 496 S.W.2d 815, 817 (Mo.1973). That test, however, does not dispose of the present issue, because the ineffectiveness here is claimed to have occurred before trial and pertains not to the conduct of the trial, but to that important interval when an informed decision should be made about the advisability of going to trial as compared to trying to negotiate a settlement—pleading guilty in exchange for a reduced sentence. Under the facts of the case, defendant may have had a fair trial once the case reached the trial stage before a jury, yet not have received effective assistance of counsel in responding to the charge against him. The neglect of counsel resulted in prejudice to movant's position generally. *Barker v. State,* 505 S.W.2d 448, 451 (Mo.App.1974).

It does not appear in the record when counsel was first appointed for defendant in the original trial, but whether it was an early appointment and counsel did not get around to talking with the client until the day of trial or whether it was a tardy appointment, the effect on defendant was the same. The canons of ethics require that "[h]aving undertaken representation, a lawyer should use proper care to safeguard the interests of his client . . .", Rule 4, EC 6–4, and that "A lawyer shall not . . . [h]andle a legal matter without preparation adequate in the circumstances." Rule 4, DR 6–101(A)(2).

The pro se 27.26 petition in this case states sufficient facts to warrant appointment of counsel. Counsel should promptly be appointed by the trial court, with instructions to confer promptly with movant and ascertain whether the pro se motion needs amendment to include the particulars whereby, if so, movant was injured or prejudiced by the failure of counsel to discuss defense moves with him and failure to confer and advise with movant until the day of trial, and after counsel has had an opportunity to make such amendments, the court should then reconsider the sufficiency of the petition and determine whether as amended an evidentiary hearing is warranted and if so, to afford one to movant.

The judgment of dismissal is reversed and the cause remanded for further proceedings as set forth above.

MORGAN, C. J., concurs.

ANDREW JACKSON HIGGINS, Special Judge, concurs in result in separate concurring opinion filed.

BARDGETT, DONNELLY and RENDLEN, JJ., concur in result and concur in separate concurring opinion of ANDREW JACKSON HIGGINS, Special Judge.

FINCH, J., not sitting.

SIMEONE, J., not participating because not a member of the court when cause was submitted.

ANDREW JACKSON HIGGINS, Special Judge, concurring in result.

The stated question is whether the pro se motion states sufficient grounds "at least to warrant appointment of counsel to consult with movant and file an amended petition,

**514** ◼ ▬▬▬▬▬▬▬▬▬▬▬▬

stating in lawyerlike fashion what occurred and the consequences from defendant's standpoint, for the further consideration of the trial court before any decision is reached concluding that no evidentiary hearing is required."

I concur in the decision that "[t]he pro se 27.26 petition in this case states sufficient facts to warrant appointment of counsel," and in the remand for that purpose and for other proceedings which properly may follow. *State v. Herron,* 376 S.W.2d 192, 196 (Mo.1964); *State v. Gee,* 408 S.W.2d 1, 4 (Mo.1966); *State v. Keeble,* 427 S.W.2d 404, 406 (Mo.1968).

I do not join with the remainder of the opinion in the discussion, unnecessary to resolution of the stated question, of the performance of trial counsel. The issue of effective assistance of counsel, when present, is for the trial court in the first instance. Rule 27.26(e), (j), V.A.M.R.

Accordingly, I concur in result only.