**Raymond COX, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39310.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 5, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

After an evidentiary hearing, movant's Rule 27.26 motion alleging ineffective assistance of counsel was denied. His appeal importunes that the trial court erred in failing to find that he was deprived of a fair trial on a burglary charge by reason of his counsel's failure to represent him properly. We find no error and affirm.

Movant was convicted of second degree burglary, and his conviction was upheld in *State v. Cox*, 527 S.W.2d 448 (Mo.App.1975).

His 27.26 motion charges that his trial counsel only conferred with him on a single occasion for 15 minutes, 10 days before trial, and failed to interview three potential defense witnesses. The consequence of this—movant argues—was his denial of a fair trial.

In support of that portion of his motion regarding the limited consultation time with his counsel, movant presented the testimony of a City Jail chaplain who stated that movant had asked him to tell his appointed counsel (the public defender) to see movant. When, where and the number of times the chaplain may have talked to movant's counsel was indefinite and not indicated by the record:

"Q. When you were talking to Mr. Nold [movant's counsel], did you ever ask him if he had gone over to see Raymond Cox [movant]?

A. [Chaplain] I probably did.

Q. Do you recall if he said he did see him?

A. To the best of my knowledge, when I asked him, he didn't."

From the foregoing, it could not be determined whether movant's counsel did or did not see movant, for, according to the chaplain, counsel did not say he had seen movant, neither did he say he had not seen him. The chaplain's testimony is of no value to movant. But we do have movant's admission that cn at least one occasion, 10 days before trial, he was interviewed by his counsel.[1]

The trial court may reject testimony offered on behalf of the movant, although uncontradicted. *Williams v. State,* 566 S.W.2d 241, (Mo.App.1978); *Bibee v. State,* 542 S.W.2d 540 (Mo.App.1976). However, movant's first argument dealing with insufficient counseling time must be rejected for a more compelling reason. Movant did not assert that he was prejudiced as a result of his lawyer's scanty contact with him. Nor did he adduce any evidence of prejudice at the hearing on his motion. Consequently, even if we accept movant's

assertion as true, it does not establish that he was denied a fair trial for ineffective assistance of counsel. *Babcock v. State,* 485 S.W.2d 85 (Mo.1972); *Mason v. State,* 468 S.W.2d 617 (Mo.1971). Movant has failed to establish prejudice, and his motion thereby fails. *Walker v. State,* 567 S.W.2d 398 (Mo. App.1978); *Aikens v. State,* 549 S.W.2d 117 (Mo.App.1977).

In the case of *Rodgers v. State,* 567 S.W.2d 634, at 637 (Mo.banc, 1978), the question concerning the amount of time a lawyer spent with his client was considered in a different context. Although not making a final declaration on the merits, the Supreme Court found that the defendant had been deprived of effective assistance of counsel when the consultation first and briefly occurred the day of trial. The court in *Rodgers* further found that the fact that a defendant is effectively represented at trial does not dispose of the entire issue, for "defendant may have had a fair trial once the case reached the trial stage before a jury, yet not have received effective assistance of counsel in responding to the charge against him."

*Rodgers v. State,* supra, differs from this case in two important aspects: (1) here, counsel met with movant well in advance of trial, rather than on the day of trial, and (2) an evidentiary hearing was granted to movant in which he failed to prove that he was prejudiced by his counsel's alleged lack of attention. Thus, *Rodgers* does not compel us to reach a different result.

Movant's second contention—that his counsel inadequately investigated his defense claims and hence denied him effective assistance—also lacks merit. Movant claims that he gave his counsel the names of three persons who would testify that he was acquainted with the victim of the burglary, and that one of his friends was also a friend of the victim; that in fact he was with the victim and the mutual friend, a Mr. Lewis, at a backyard barbecue several days prior to the burglary. He claims that

1. Movant's trial counsel had moved his residence from the State sometime subsequent to the trial and was not available at the evidentiary hearing.

Mr. Lewis would have testified that he was staying with the victim and that movant was in the victim's home to meet him. He finally claims that these witnesses were not found and did not testify for him at his trial due to counsel's inadequate investigation.

To support these allegations movant called four witnesses who, in testimony varying in degrees of confusion, inconsistency and contradiction, attempted to support the assertion that movant, the victim and Mr. Lewis had all been together prior to the burglary. Two of these witnesses were fellow inmates of movant's, one was an inmate of City Jail and one was an old friend. The trial court found that this evidence was not credible, which was its prerogative. *Williams v. State*, supra; *Stevens v. State*, 560 S.W.2d 599 (Mo.App. 1978). Movant's other evidence was a police report of the arrest of four suspects, including the victim and Mr. Lewis, concerning a crime which occurred a year after the burglary. This proved nothing. At most it would show that the victim knew Mr. Lewis a year after the burglary.

There is a presumption that counsel is competent, and movant under Rule 27.26(f) has the burden to prove that he is not. *Walker v. State*, supra; *Williams v. State*, supra. To meet his burden of proof on the issue of ineffective assistance of counsel due to inadequate investigation, entitling him to relief under Rule 27.26, the movant must show both that counsel failed to perform some duty and that this failure resulted in actual prejudice to his defense. *Walker v. State*, supra; *Haynes v. State*, 534 S.W.2d 552 (Mo.App.1976). Movant failed to meet his burden. Even if movant's witnesses were to be believed, all they prove is that movant, the victim, and Mr. Lewis were acquainted prior to the burglary which is meaningless to the issues of this appeal. *McQueen v. Swensen*, 498 F.2d 207 (8th Cir. 1974), relied on by movant, is not in point under the circumstances here.

After a full review of the record in this case, we cannot find that the trial court's findings of fact or conclusions of law resulting in the denial of the motion were clearly erroneous. *Knight v. State*, 491 S.W.2d 282 (Mo.1973); *Haynes v. State*, supra.

Affirmed.

KELLY and REINHARD, JJ., concur.