Charles Dwight DAVENPORT,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39414.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

John J. Allan, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Movant (hereafter "defendant") has appealed from the summary denial of his Rule 27.26 pro se motion to vacate his jury conviction for first degree robbery. He contends the trial court erred in denying his motion without an evidentiary hearing and failing to appoint counsel to assist him because the motion alleged facts showing he was not rendered effective assistance of counsel. We reverse and remand for appointment of counsel.

In his pro se motion defendant alleged: "(b) Counsel for movant only met once with movant prior to trial and that was for just a brief period of 10 minutes. Counsel made no inquiry of defendant into the facts and circumstances surrounding the offense. (c) Counsel made no effort to interview vital witnesses in movant's behalf, and did not subpoena or otherwise obtain vital witnesses for movant." [1]

 Defendant has the burden of showing by his pleading that he was so prejudiced by counsel's conduct that he was denied a fair trial. *Arnold v. State*, 545 S.W.2d 682[3] (Mo.App.1976)), and defendant has not met that burden in his allegations regarding investigation and time spent with counsel.

Assuming, however, the truth of defendant's allegation that his counsel made no inquiry into facts of the case, we must remand for appointment of counsel. See *Rodgers v. State*, 567 S.W.2d 634, l.c. 635 (Mo.1978), where defendant alleged his counsel made no factual investigation and the trial court summarily denied the pro se motion. In remanding for appointment of counsel the court held: "The stated question is whether the pro se motion states sufficient grounds 'at least to warrant appointment of counsel to consult with movant and file an amended petition, stating in lawyerlike fashion what occurred and the consequences from defendant's standpoint, for the further consideration of the trial court before any decision is reached concluding that no evidentiary hearing is required.' "

As in *Rodgers*, supra, defendant here is entitled to appointment of counsel to aid in amending the pro se motion, to include particular facts showing how defendant was prejudiced by previous counsel's failure to ascertain the facts surrounding the state's charge against defendant. The trial court may then reconsider the sufficiency of the motion to determine whether an evidentiary hearing is required.

Reversed and remanded.

SMITH and McMILLIAN, JJ., concur.

---

1. Points (a), (d) and (e) alleged in defendant's motion are not briefed on appeal, so they will not be considered.