**John M. SWEAZEA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40244.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

Peter Lumaghi, Clayton, for appellant.

John Ashcroft, Atty. Gen., Teresa Aloi Angle, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant appeals the trial court's denial of his Rule 27.26 motion without evidentiary hearing. The motion arises out of movant's conviction for first degree robbery and second degree burglary, affirmed in *State v. Sweazea*, 555 S.W.2d 670 (Mo.App.1977). His appeal charges that the trial court erred in failing to appoint counsel to assist in the preparation of his motion, in failing to hold an evidentiary hearing and failing to make findings of fact and conclusions of law. We affirm.

Movant relies on *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978), which mandates that the trial court appoint counsel for indigent movants and to make findings of fact and conclusions of law in all 27.26 motions. But movant's motion was filed prior to *Fields*,[1] and its directives are prospective only. Thus, the failure to appoint counsel and make specific findings of fact and conclusions of law was not clearly erroneous. *Baker v. State*, 584 S.W.2d 65 (Mo.banc 1979).

Under the law applicable at the time of the motion, in order to receive the benefit of an evidentiary hearing and appointment of counsel the movant had to plead facts, not conclusions, which, if true, would warrant relief, and the factual allegations must not be refuted by the record. *Wilson v. State*, 582 S.W.2d 725 (Mo.App. 1979); *Allen v. State*, 582 S.W.2d 361 (Mo.

1. The motion was filed February 9, 1978; *Fields* was effective November 6, 1978.

App.1979). Here, the movant has failed to plead sufficient factual allegations to warrant an evidentiary hearing, and the summary denial of the motion is equivalent to the findings of fact and conclusions of law required by Rule 27.26(i). *Wilson v. State,* supra.

■ Movant asserts that he was denied effective assistance of counsel through inadequate trial preparation. He alleges that his counsel spent one hour conferring with him and failed to interview two alleged alibi witnesses. Both allegations, even if true, would not merit relief. Absent the necessary showing that more time would have benefitted him, movant's contention that counsel spent one hour in conference with him is an insufficient basis for granting relief. *Cox v. State,* 572 S.W.2d 631 (Mo.App.1978); *Haliburton v. State,* 546 S.W.2d 771 (Mo.App.1977). Movant's reliance on *Rodgers v. State,* 567 S.W.2d 634 (Mo.banc 1978), is misplaced. *Rodgers* is readily distinguishable. In *Rodgers,* it was alleged that counsel failed to confer with movant or investigate his case prior to the day of trial. The record here is otherwise. Movant acknowledges at least three conferences with his counsel over an eight month period. Several potential defense witnesses were interviewed and trial strategy was discussed. Likewise, the assertion that counsel failed to interview his brother and sister-in-law as potential alibi witnesses also affords no basis for relief. Movant not only failed to state in his motion the expectant testimony of his family members but repeatedly refused to disclose to defense counsel the substance of the testimony. His conclusional allegation that his brother and sister-in-law would provide an alibi defense is factually insufficient. *Allen v. State,* supra. *Sherrill v. State,* 515 S.W.2d 611 (Mo.App.1974). Moreover, counsel's decision not to interview the family members was specifically a matter of trial strategy and within his professional judgment. As such, it does not provide a basis for an ineffective assistance of counsel claim. *Allen v. State,* supra; *Cage v. State,* 573 S.W.2d 73 (Mo.App.1978); *Williams v. State,* 566 S.W.2d 241 (Mo.App.1978).

■ Movant also charges ineffective assistance of counsel by reason of the failure to request a psychiatric examination. But the record is barren of any indication that movant had discussed his mental problems with his counsel or that there was any basis for asserting an insanity defense. Thus, there was no breach of duty owed to movant. *McDonald v. State,* 572 S.W.2d 633 (Mo.App.1978); *Charles v. State,* 570 S.W.2d 700 (Mo.App.1978).

■ Nor does movant's challenge to the trial court's denial of his *pro se* request for a psychiatric examination on the day of trial afford any basis for 27.26 relief, as the alleged wrongful denial asserts trial court error—a matter for direct appeal. *Williams v. State,* 567 S.W.2d 370 (Mo.App.1978); *Plant v. State,* 547 S.W.2d 835 (Mo.App. 1977).

■ Finally, movant's challenge to the trial court's denial of his *pro se* motion to disqualify the judge on the day of trial is again a complaint of trial court error, thus a matter for direct appeal, not 27.26 relief. *Williams v. State,* supra. His conclusional allegation that the denial of his disqualification motion deprived him of a fair trial does not make his claim reviewable in a post-conviction motion. *Crawford v. State,* 554 S.W.2d 491 (Mo.App.1977).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.