Jack BABCOCK, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31427.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

K. Stanley Clay, Asst. Public Defender, 13th Judicial Circuit, David M. Strauss, Public Defender, Columbia, for movant–appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

**198**

DIXON, Judge.

Movant appeals the denial, after appointment of counsel and evidentiary hearing, of his motion for post–conviction relief pursuant to Rule 27.26. This court has jurisdiction of the proceeding despite the fact movant's conviction was Second Degree Murder and a sentence of life imprisonment. *Bryant v. State*, 604 S.W.2d 669 (Mo.App. 1980).

This is the third 27.26 motion filed by this movant. The first 27.26 proceeding raised the issue of ineffective assistance of counsel, and the decision is reported in *Babcock v. State*, 485 S.W.2d 85 (Mo.1972). The second Rule 27.26 motion, again raising ineffective assistance of counsel, was denied after a full evidentiary hearing and affirmed on appeal in *Babcock v. State*, 521 S.W.2d 191 (Mo.App.1975). This instant motion for relief under Rule 27.26 again asserts ineffectiveness of counsel, and the issue presented is whether or not the instant motion is precluded under Rule 27.-26(d).

■ It is the position of the movant that his motion is not precluded because there has been a change in the substantive law which entitles him to advance his claim, despite his two earlier motions on the same grounds. *Meeks v. State*, 512 S.W.2d 215 (Mo.App.1974). Movant asserts that the test for determining the effectiveness of counsel, where the claim by the defendant is that there was an insufficient and inadequate investigation by defense counsel, was changed by *Rodgers v. State*, 567 S.W.2d 634, 635–36 (Mo. banc 1978). The opinion cited unquestionably is supportive of the position of the movant. The difficulty with movant's position is that Judge Seiler was joined by only one other judge in that portion of the opinion which dealt with the effectiveness of counsel. The majority of the court concurred with Judge Higgins' concurring opinion which held that the only question in *Rodgers* was the appointment of counsel and that what was said regarding the issue of effectiveness of counsel was unnecessary to the resolution of the question presented. *Rodgers*, therefore, does not support, as a matter of holding by the Supreme Court of Missouri, the position of the movant that the failure to communicate with the movant and discuss the case with the movant in any manner prior to the entry of his plea constitutes ineffective assistance of counsel. This court is bound by the latest controlling holding of the Supreme Court of Missouri. Mo.Const. Art. V, § 2.

The present Rule 27.26 motion is subject to denial on the grounds that movant is precluded by Rule 27.26(d) from asserting the same claim previously determined adversely to him.

The judgment of the trial court is affirmed.

All concur.