**Raphael RIOS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17295.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 2, 1991.

John A. Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant was charged by a two-count information with transportation of marihuana and possession of marihuana. He entered a plea of guilty to both counts and received concurrent terms of fifteen years for transportation and five years for possession. Thereafter, he filed pro se a motion to vacate the convictions entered upon the pleas.[1]

Following the filing of the motion, the court appointed the public defender to represent movant. No amended motion was filed as authorized by Rule 24.035(e), (f). Respondent filed a motion to dismiss without an evidentiary hearing. At the conclusion of a hearing on that motion, after taking judicial notice of the files and records in the criminal case, the court sustained the motion to dismiss and dismissed movant's motion. Movant appeals.

Movant's first point states that the court erred in denying his motion because movant's appointed counsel did not follow Rule 24.035(e) in that he failed "to ascertain all grounds that form a basis for attacking a movant's judgment and sentence and the

facts in support thereof, and to file an amended motion which sufficiently alleges those grounds".

Respondent agrees that this point is well taken, stating this matter "should be remanded to the motion court because of new case law ... to determine ... whether any lack of performance by post-conviction counsel is the result of appellant's action or inaction."

The trial court's ruling was prior to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). These constitute the "new case law" referred to by the respondent. *Luleff* and *Sanders* involved Rule 29.15(e), but it is identical to Rule 24.035(e) and their rationale is applicable to the latter rule. *Bass v. State*, 808 S.W.2d 416, 417 (Mo.App.1991).

*Luleff* states at 807 S.W.2d 498:

A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*. [footnote omitted]

The judgment is reversed and the cause remanded for the trial court to determine

---

1. Movant's motion erroneously refers to Rule 29.15, pertaining to postconviction motions after trial. Rule 24.035 applies to postconviction relief motions after a plea of guilty and we treat movant's motion as filed under that rule.

whether appointed counsel performed as required by Rule 24.035(e). If the court finds that counsel did not perform, and the lack of performance was not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the motion as permitted under that rule and the cause shall proceed according to that rule.

CROW and PARRISH, JJ., concur.