**1.** Statutory references are to RSMo 1986 unless otherwise indicated. § 195.020 was repealed in

Rafael Angel **RIOS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 18038.

Missouri Court of Appeals,
Southern District,
Division Two.

March 11, 1993.

<hr>

Lew Kollias, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Movant was charged by a two-count information with possession of more than thirty-five grams of marihuana, § 195.020,[1]

1989 and replaced by § 195.202, RSMo Supp. 1989.

and transportation of marihuana, § 195.-025. Upon his plea of guilty to both counts, Movant received concurrent terms of fifteen years for transportation and five years for possession. Afterwards, he filed a pro se motion, Rule 24.035,[2] to vacate the conviction entered upon each plea.

Movant's initial motion for postconviction relief was denied. On appeal from that denial, this Court in *Rios v. State*, 813 S.W.2d 366 (Mo.App.1991), reversed and remanded that judgment pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), because Movant's counsel failed to follow Rule 24.035(e).

Upon remand, an amended Rule 24.035 motion was filed and an evidentiary hearing was held. The motion alleged, among other grounds, that a factual basis for the guilty pleas was not established, and Movant was subjected to double jeopardy by conviction on both possession and transportation of the same marihuana arising from one transaction. Thereafter, the motion court entered Findings of Fact and Conclusions of Law denying the motion. Movant appeals.

Movant's first point states that his constitutional right to be free from double jeopardy was violated when he was convicted of both possession and transportation of marihuana based on a single set of circumstances.

The Missouri Supreme Court has recently ruled on the identical point contrary to Movant's position. In *State v. Villa–Perez*, 835 S.W.2d 897 (Mo. banc 1992), defendant contended his conviction for both possession of marihuana in violation of § 195.-020 and transportation of marihuana in violation of § 195.025 constituted double jeopardy as each rested on the same set of circumstances. The Court held:

The crimes of "possession" and "transportation" of marihuana are discrete and separate offenses. Accordingly, we find no merit in defendant's assertion that he

was twice placed in jeopardy for the same crime.

*Id.* at 904.

The rationale of the Court in reaching that conclusion need not be repeated here because Movant acknowledges his complete awareness of *Villa–Perez*. He asserts his belief that *Villa–Perez* is erroneously decided, but acknowledges this Court will follow the decision.[3] Movant is obviously cognizant of Article V, § 2, Constitution of Missouri. By that section, we are bound by the last controlling opinion of the Supreme Court of Missouri. *State v. Dunn*, 615 S.W.2d 543, 550 (Mo.App.1981); *Babcock v. State*, 609 S.W.2d 197, 198 (Mo.App. 1980). Based on *Villa–Perez*, Movant's first point lacks merit.

Movant's last point alleges the motion court erred in denying his motion because the record contains no factual basis for his guilty pleas, in violation of Rule 24.02(e).[4]

Appellate review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), *cert. denied sub nom., Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Such findings and conclusions are deemed clearly erroneous if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990), *cert. denied*, 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).

The guilty plea proceedings reveal the following exchange:

THE COURT: Now, I'm going to read the two charges to you again. Count I charges you with the felony of transportation of marijuana, a Schedule I controlled substance. Count I charges that on or about May 1, 1988, in Greene County, Missouri, you and Hector Louis Rio-

---

2. Rule references are to Missouri Rules of Court (1992).

3. Candidly, Movant admits he raises the double jeopardy issue to exhaust potential avenues of review.

4. Rule 24.02(e) provides: "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

jas, knowingly transported marijuana, a Schedule I controlled substance, by means of a vehicle.

Is it your intention to withdraw your plea of not guilty and enter a plea of guilty to that charge?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Count II charges the felony possession of more than thirty-five grams of marijuana, a controlled substance. Count II charges that on or about May 1, 1988, in Greene County, Missouri you and Hector Louis Riojas, knowingly possessed more than thirty-five grams of marijuana, a controlled substance.

Is it your intention to withdraw your plea of not guilty and enter a plea of guilty to that charge, as well?

THE DEFENDANT: Yes, your Honor.

The court then proceeded to thoroughly question Movant concerning the knowing and voluntary nature of his expressed intent to plead guilty to each charge. Subsequently, the court asked, "Do you understand everything we have gone over so far, Mr. Rios?" He replied, "Yes, sir."

The court concluded the plea proceeding in the following manner:

THE COURT: Mr. Rios, I will ask you at this time, then: How do you plead to the—to Count I, the felony of transportation of marijuana, a Schedule I controlled substance, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: All right, sir. The Court finds there is a factual basis for defendant's plea of guilty and that defendant's plea of guilty is made voluntarily, intelligently, and knowingly.

The Court accepts the defendant's plea of guilty to Count I, the felony of transportation of marijuana, and finds the defendant guilty thereof beyond a reasonable doubt.

. . . .

Mr. Rios, I will ask you at this time: How do you plead to Count II, the felony of possession of more than thirty-five grams of marijuana, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: All right, sir. The Court finds that there is a factual basis for defendant's plea of guilty to Count II. That defendant's plea of guilty is made voluntarily, intelligently, and knowingly.

The Court accepts the defendant's plea of guilty to Count I—Count II, the felony of possession of more than thirty-five grams of marijuana, and finds the defendant guilty thereof beyond a reasonable doubt.

The motion court's findings and conclusions on the issue at hand are as follows:

This Court finds that trial counsel was not ineffective in failing to inform the Court that Movant's plea was allegedly not in conformity with Rule 24.02(e), requiring the Court to establish a factual basis for a plea of guilty. The Court further finds that there was a sufficient factual basis for Movant's plea. The Court notes that the charge was read to Movant. Movant was asked if he wanted to plead guilty, and if he was pleading guilty because he was guilty. The Movant answered both questions in the affirmative. Movant's allegations in this regard are refuted by the record.

. . . .

A factual basis for defendant's plea of guilty is clearly established where the information clearly charges defendant with all elements of the crime, the nature of the charge was explained [to] defendant, and the defendant admits guilt. *Row v. State*, 680 S.W.2d 418 (Mo.App. 1984).

Based on this record, we have no definite nor firm impression the motion court was mistaken in its findings and conclusions. Clearly, a factual basis for a defendant's guilty plea is established when the court reads the information, with all the elements of the crime charged, to defendant coupled with an explanation of the nature of the charge. This procedure, followed by defendant's guilty plea, satisfies the requirements of Rule 24.02(e). *Row v. State, supra; Milligan v. State*, 772 S.W.2d 736, 738–39 (Mo.App.1989); *McDonald v. State*, 734 S.W.2d 596, 600–01 (Mo.App.1987);

*Sales v. State,* 700 S.W.2d 131, 132–33 (Mo. App.1985). *See Smith v. State,* 663 S.W.2d 248, 249 (Mo.App.1983).

Here, both counts of the information were read to Movant. Each count contained the necessary elements of possession and transportation of marihuana (which Movant does not deny). The nature of each charge was carefully explained to Movant who acknowledged he understood everything the court had explained to him. Thereafter, he admitted his guilt. A factual basis for each guilty plea was established.

The judgment is affirmed.

FLANIGAN and PREWITT, JJ., concur.