**STATE of Missouri, Respondent,**

v.

**Ronald Dean BARKER, Appellant.**

**No. 51542.**

Supreme Court of Missouri,
Division No. 2.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., Richard Provaznik, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Wm. Clark Kelly, Springfield, for appellant.

PRITCHARD, Commissioner.

Defendant was convicted of the commission of the crime of burglary of a dwelling house pursuant to the verdict of a jury. It was alleged in the information that defendant was convicted, sentenced and served a sentence for a previous felony, and in accordance with the second offender act (Sec. 556.280, RSMo 1959, V.A.M.S.) the court found that fact and subsequently sentenced him to four years' imprisonment in the custody of the Department of Corrections.

The sole issue on this appeal is whether the trial court erred in refusing to give to the jury defendant's requested Instruction No. 11 which relates to defendant's choice not to testify in the case. Defendant files no brief, but this sole issue is adequately

1

preserved in his timely motion for new trial. Instruction No. 11 is as follows:

"The Court instructs the jury that the law does not call upon or require a defendant to establish his innocence, and that a defendant may properly choose not to take the witness stand and testify, in which case the burden remains upon the prosecution to prove the defendant guilty beyond a reasonable doubt.

"Therefore, the fact that the defendant has chosen not to testify in this case creates no presumption or inference whatsoever that he is guilty. The jury must not permit that fact to weigh in the slightest degree against the defendant, nor should that fact even enter into any discussions or deliberations of the jury in any manner."

Defendant's five assignments of error may be grouped. He contends that he was entitled to have the jury instructed regarding the matters set forth in the instruction, and that the refusal denied him due process of law under the Fourteenth Amendment of the Constitution of the United States; that the refusal violated his privilege against self-incrimination guaranteed by the Fifth Amendment, and made applicable to the states under the Fourteenth Amendment of the Constitution of the United States; that the refusal to give the instruction deprived him of the full and complete protection of that portion of the Fifth Amendment of the Constitution of the United States which provides that no person in any criminal case shall be compelled to be a witness against himself; that the refusal permitted the danger to exist that the jury might draw unfair or unwarranted inferences against him because of his exercise of his constitutional privilege to remain silent and [the court] failed to limit or prohibit by instruction any inference to be drawn by the jury from the defendant's silence, all in violation of his privilege against self-incrimination guaranteed by the Fifth Amendment of the Con-

stitution of the United States; and that the refusal to give the instruction to limit or prohibit any unfair inference to be drawn by the jury from his election to remain silent effectively imposed a penalty or sanction against the exercise of his constitutional rights, all in violation of his privilege against self-incrimination guaranteed by the Fifth Amendment, and in violation of the due process clause of the Fourteenth Amendment, of the Constitution of the United States. In support of assignments of error in his motion for new trial, defendant therein cites the cases of Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650; Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653; and Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

Wilson v. United States, supra, held as reversible error a reference by the district attorney, in summing up the case to the jury, of the failure of the defendant to appear as a witness because such reference violated the Act of Congress of March 15, 1878 (20 Stat. at L. 30, chap. 37) [1940 ed., Judicial Code and Judiciary, 28 U.S.C. § 632], which provides that the person charged with the commission of a crime shall, at his own request, but not otherwise, be a competent witness, and that his failure to make such request shall not create any presumption against him. Malloy v. Hogan, supra, although deciding that the provisions of the Sixth Amendment on self-incrimination of the United States Constitution are, through the Fourteenth Amendment thereof, applicable to the states, had no question of defendant's entitlement to a limiting instruction upon his failure to testify. Bruno v. United States, supra, held that under the Federal Act, now substantially 18 U.S.C.A. § 3481, defendant was entitled to an instruction upon the effect of his failure to testify. Griffin v. State of California, supra, held merely that the trial judge's and prosecutor's comments on the defendant's failure to testify violated the self-incrimination clause

of the Fifth Amendment of the United States Constitution, and the decision was reserved as to whether an accused could require, as in Bruno v. United States, supra, that the jury be instructed that his silence must be disregarded.

The above cases are not supportive of defendant's assignments of error, and especially is this true when the provisions of our statute, § 546.270, RSMo 1959, V.A.M.S., and Supreme Court Rule 26.08, V.A.M.R., are considered. They are identical: "If the accused shall not avail himself or herself of his or her right to testify, or of the testimony of the wife or husband, on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, *nor be considered by the court or jury before whom the trial takes place.*" (Emphasis added.)

 Our statute and rule are broader than the Federal statute, 18 U.S.C.A. § 3481, in the italicized portion above. The purposes of our act and rule are to keep absolutely from the jury any reference to the constitutional right (Const. Mo.1945, Art. I, § 19 V.A.M.S.) against self-incrimination. State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 455 [13, 14]. In State v. Conway, 348 Mo. 580, 154 S.W.2d 128, 134 [14], the concept was stated, " * * * [T]he privilege against self-incrimination is a part of the Bill of Rights, a personal privilege, guaranteed by the Constitution in unambiguous language; and the statutory protection against comment, by court or counsel, is a plain legislative mandate, the underlying policy of which is and was for the draftsmen of the acts and not the courts." Even when it is requested by defendant, as here, this court has long held that it is not error to refuse such an instruction. State v. Long, 324 Mo. 205, 22 S.W.2d 809, 813 [17]; State v. Denison, supra; State v. Rutledge, Mo., 267 S.W.2d 625, 626 [5, 6]; State v. Phillips, Mo., 324 S.W.2d 693, 697 [7–9]; State v. West, Mo., 356 S.W.2d 880,

882 [6]; State v. Aubuchon, Mo., 381 S.W. 2d 807, 816 [18]; and State v. Perkins, Mo., 382 S.W.2d 701, 707 [10]. Defendant's assignments of error are overruled.

We have examined the record as to the matters specified in Supreme Court Rules 28.02 and 28.08, and in respect thereof we find no error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.