Theodore Woodrow GREGG, Appellant,

v.

STATE of Missouri, Respondent.

No. 54238.

Supreme Court of Missouri, Division No. 1.

Nov. 10, 1969.

Theodore Woodrow Gregg, appellant-pro se.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial of Motion to Vacate Judgment and Sentence. Criminal Rule 27.26, V.A.M.R.

On March 11, 1965, Theodore Woodrow Gregg, charged with murder, first degree, and as a second offender, was convicted by a jury of murder, second degree. His punishment was assessed by the court at 25-years' imprisonment, and he was sentenced accordingly. §§ 559.010, 559.020, 559.030, 556.280, V.A.M.S. His conviction was affirmed. State v. Gregg, Mo., 399 S.W.2d 7.

Appellant was represented at his original trial and upon appeal from his conviction by Mr. Esco V. Kell. He was represented at the hearing on his request for relief under Criminal Rule 27.26 by Mr. Harold L. Henry. After his appeal from the denial of the requested relief was filed and prior to its submission in this court, he asked for and secured an order from the trial court releasing Mr. Henry.

On September 11, 1969, this appeal was called and defendant was permitted to, and did, appear to state his request that counsel not be appointed for him. The court explained the advantages of counsel and again offered to appoint counsel which appellant waived. The case was submitted on appellant's *pro se* brief and the brief of respondent to be filed at a later date. In the interim, appellant has moved to grant him relief on his brief for failure of respondent to file brief. That motion is overruled inasmuch as respondent's brief is on file.

Appellant's principal point on this appeal is that he should have been granted relief at his 27.26 hearing on the ground: "Admission of statements by Movant at or about the time of his arrest without Movant's knowledge of his constitutional right to remain silent and to have the advice and assistance of counsel." The statements in question were made by appellant on the day of the murder.

A detailed statement of fact may be found in State v. Gregg, supra, and only those facts showing the statements and their context need be stated.

Appellant and Robert King were disabled war veterans who had lived together for about two years supporting themselves with their pensions. On October 9, 1963, they, at their home in Thayer, Missouri, began drinking early in the morning and continued through the day. At about 4:30 p. m., Grace Black, a close neighbor, heard a shot and about thirty minutes later appellant appeared at her home and told her he had "shot a guy." He had a rifle which he gave to Mrs. Black. Appellant's purpose in coming to Mrs. Black's home was to make a telephone call. When he had difficulty, he left, and Mrs. Black called E. J. Smith, a deputy sheriff, who went to her home, and they went to the Gregg-King home. King was lying on the lawn and, when asked by Deputy Smith what had happened, stated that appellant had shot him. Appellant was present and denied shooting King, but then said, "You

damn right I shot you, Bob. Do you want me to shoot you again?" King had suffered a bullet wound in his chest from which he died several hours later.

Deputy Smith put appellant in his car to take him to the Thayer jail and, enroute, stopped to tell Desmon Harber, Thayer city marshal, that a man had been shot. Appellant then said, "I shot Mr. King just like you would a dog."

Later, Sheriff Raymond Burleson was asked by appellant how Bob (King) was and, upon being told that Bob had died, appellant said, "I hope they give me the damn gas chamber and not a long time in the penitentiary."

State Trooper Ed Kelsey took appellant's fingerprints and, in the course of that operation, observed that appellant's rifle (the murder weapon) ought to be a good deer rifle, to which appellant said, "I don't know about a deer rifle, but it took care of old Bob."

These statements were held properly admitted on original appeal against a charge that they were inflammatory and prejudicial, and the holding suggests a predetermination that they were voluntarily made. State v. Gregg, supra, 399 S.W.2d 1. c. 10[6]. The current and more specific attack is that they were not voluntary because they were made without appellant being first advised of his constitutional rights to remain silent and to have counsel, etc., under Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and Amendments V, VI, and XIV, Constitution of the United States.

■ It is not necessary to discuss whether these cases have any application to appellant's contention. It is true, as charged by appellant, that none of the parties who testified to these statements gave appellant any advice or warnings. However, as found by the trial court and as shown by the evidence, these statements were not the product of any police interrogation which might have required cautionary warnings but were volunteered by appellant. Thus, even if the principles of the cases cited by appellant were applicable in point of time, they have no application here because "volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding * * *." Miranda v. Arizona, supra, 384 U.S. 1. c. 478, 86 S.Ct. 1. c. 1630; State v. Burnett, Mo., 429 S.W.2d 239, 243[2]; State v. Peck, Mo., 429 S.W.2d 247, 251[6]. Consequently, appellant failed to sustain his burden of showing the court to be in error in admitting the statements. Crosswhite v. State, Mo., 426 S.W.2d 67, 70[1].

Appellant's brief makes reference to other matters which were the subject of other motions pending before the trial, not specifically mentioned in the order denying relief, and which may not ordinarily be the subject of a 27.26 proceeding. But they have been covered by appellant's *pro se* brief and will be answered at this time in order to lay all such charges or grounds for relief to rest, and particularly since they are briefed as a denial of effective counsel and a fair and full hearing on all issues.

His first such ground was that there was no proof of the allegation in the amended information that he " * * * feloniously, on purpose and of his malice aforethought willfully, deliberately, and premeditatedly (did shoot off and discharge said rifle, etc.)." This contention was answered in the decision of the original appeal, State v. Gregg, supra, 399 S.W.2d 1. c. 10[2–5], and is no longer a live issue.

■ His second ground charges error in permitting the information to be amended to charge him as a second offender and in permitting subsequent endorsements of

witnesses. These are matters within the trial court's discretion and no abuse of that discretion is demonstrated or charged. State v. Webb, Mo., 432 S.W.2d 218, 221 [1, 2].

Next is a charge that the court should have ordered a mistrial when the prosecuting attorney argued in a manner which constituted a comment on his failure to testify. This complaint has been previously answered, State v. Gregg supra, 399 S.W.2d 1. c. 10–11[8].

His point complaining of the court's refusal to give his offered instruction No. 1 is answered in State v. Gregg, supra, 399 S.W.2d 1. c. 9–10[1], and, as it relates to failure to instruct on lesser offenses, the point is answered in State v. Gregg, supra, 399 S.W.2d 1. c. 10[7].

The matter of failure to give defendant a directed verdict is covered by the holding that the state made a case of second degree murder against appellant at State v. Gregg, supra, 399 S.W.2d 1. c. 10[2–5].

His charge of conviction in a prejudicial court is answered by the original appeal in affirming conviction. State v. Gregg, supra. Nor was the sentence of 25 years cruel and unusual punishment because it was within the limits set by statute. § 559.030, supra.

Finally, appellant would now second guess himself on his decision not to testify at his trial. This is without merit because he concedes that he was advised on the point and that his attorney "firmly insisted that he do so." He cannot be permitted to change his trial strategy at this late date. State v. Cook, Mo., 440 S.W.2d 461, 464[7].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., and HENLEY, Alternate Judge, concur.

STORCKMAN, J., absent.

HOLMAN, J., not sitting.