**STATE of Missouri, Respondent,**

**v.**

**Larry Dale WINTJEN, Appellant.**

**No. 9402.**

Missouri Court of Appeals,
Springfield District.

April 3, 1975.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

J. Douglas Cassity, Robert W. Freeman, Lowther, Cassity, Ferguson, Carnahan & Freeman, Springfield, for appellant.

JAMES R. REINHARD, Special Judge.

The defendant, Larry Dale Wintjen, was found guilty of assault with intent to kill with malice aforethought by a Greene County jury. The jury assessed his punishment at fifty years' confinement. Section 559.180, RSMo 1969, V.A.M.S. He has appealed.

On the 17th day of March, 1972, the defendant was incarcerated in the Greene County Jail. Five other prisoners, including Ronald St. Clair, were confined in the same cell. On this date defendant attacked and stabbed St. Clair. St. Clair received over forty wounds on the back of his neck. There were also wounds on his face, sides of his neck, his eye socket and below his shoulders. A ballpoint pen was removed from the defendant shortly after the stabbing. There was no blood on the pen; however, there was blood on a metal wire which was removed from the cell where the stabbing took place. Dr. C. Courtney Whitlock, M.D., testified that the wounds could have been made by either the ballpoint pen or the metal wire.

Defendant contends that the Court erred in that it overruled defendant's objection to the introduction into evidence of color photographs of the victim because they were repetitious of the fact that he had been stabbed and served only to inflame the minds of the jury against defendant. We reject this contention.

The Court admitted in evidence two black and white photographs taken shortly after the victim was admitted to the hospital. The state then offered in evidence two color photographs taken several days later, after the victim had been operated. These color photographs show different views of the wounds and show the wounds after the blood had been removed. Although the defendant stipulated that Ronald St. Clair was the person stabbed, the state had the burden of proving beyond a reasonable doubt that the defendant had committed the offense of assault with intent to kill with malice aforethought. The exhibits were relevant to issues other than the identity of the victim. Photographs are generally admissible if they connect the accused with the crime, show the nature of the wound, or throw light upon any relevant matter. State v. Moore, 303 S. W.2d 60 (Mo.1957); State v. White, 494 S.W.2d 687 (Mo.App.1973).

The state's theory was that the victim had been stabbed with either a ballpoint pen or a metal wire. Pictures showing the nature of the wounds would influence whether the jury believed the state's theory.

The defendant claims that the photographs inflamed the minds of the jury. If the exhibits satisfy the rule as to the admission of demonstrative evidence, it is not sufficient cause to reject them that the sight of them would tend to agitate the feelings of the jurors. State v. Thresher, 350 S.W.2d 1 (Mo.1961).

The trial court indicated that it did not believe that the pictures were repetitious and cumulative. This decision is within the sound discretion of the trial court. State v. Tompkins, 277 S.W.2d 587 (Mo.1955). The trial court did not abuse its discretion.

Defendant contends that the court erred in that it overruled his objection to testimony of statements made by him to Deputy O. B. Welcher because they were made while he was incarcerated and without his first being advised of his constitutional rights.

Defendant attacks the admission of two statements made by the defendant to Deputy O. B. Welcher. It is conceded that defendant was not advised of his right to remain silent, of his right to an attorney, or that anything he might say could be used against him. Defendant cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966).

The record discloses that Deputy Welcher was used as a witness for the state and that he testified that he was called to cell K–4 shortly after the assault. The following then appears:

QUESTIONS BY PROSECUTING ATTORNEY:

"Q. Did you have any conversation with Ronald St. Clair in the presence of the defendant?

A. Yes, sir; I did.

Q. What was that conversation?

A. I asked what went on in the cell.

Q. And who answered.

A. Wintjen.

Q. What did he say?

A. He informed me that there had been a misunderstanding between the two of them.

Q. Were those his words, a misunderstanding?

A. Yes, those were his words.

Q. Did you ask any other questions and get any other answers?

A. Yes, sir; I did.

Q. What were they?

A. I asked him did he beat this man up.

MR. CASSITY (Defense Attorney): Your Honor, we're going to object to this line of testimony as being interrogation of this man while he was incarcerated and without the advice of any rights he might have had and ask that any answer be stricken along this line."

After a discussion among the Prosecuting Attorney, the Defense Attorney and the Court, the Prosecuting Attorney withdrew the last question, and the Court stated: "Very well, it is stricken from the record. The jury will disregard it."

The defendant now objects to the admission of the statement by him that "there had been a misunderstanding between the two of them". He made no objection at the trial and asked no relief. A timely objection is required to preserve questions for review even when they have some constitutional basis. State v. Tyler, 454 S.W.2d 564 (Mo.1970); State v. Malone, 301 S.W.2d 750 (Mo.1957).

This statement was volunteered by the defendant. Deputy Welcher testified that he asked the question of the victim and defendant answered. Since the statement was voluntarily made, it does not fall within the prohibition of Miranda v. Arizona, supra. See Lewis v. State, 501 S.W. 2d 20 (Mo.1973); State v. Barker, 472 S.W.2d 339 (Mo.1971); Gregg v. State, 446 S.W.2d 630 (Mo.1969).

Defendant also contends that the Court erred in admitting testimony by Deputy Welcher as to a statement made by defendant to the Deputy when the defendant was taken to another cell. Deputy Welcher

was asked what the defendant said, and Deputy Welcher's answer was:

"He said that if we tried to put him in a cell he would get one of us, he couldn't get both of us, he may not be able to get both of us, but he would get one."

 Defendant's only objection was to the statement's relevancy.

Defendant now asks relief because he had not been informed of his constitutional rights. An objection was made to the question; however, the assignment of error raises an objection not made at the time the testimony was given. Defendant cannot do this. State v. Atkins, 494 S.W.2d 317 (Mo.1973). The statement was also clearly voluntary and does not fall within the prohibition of Miranda v. Arizona, supra.

Judgment is affirmed.

BILLINGS, C. J., and STONE, TITUS and HOGAN, JJ, concur.

FLANIGAN, J., not participating because not a member of this Court at the time the cause was submitted.