STATE of Missouri, Respondent,

v.

Ray MOOMEY, Appellant.

No. 40134.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

Claude Hanks, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Jeffrey A. Cowin, St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was found guilty by a jury of carrying a concealed weapon and sentenced to two years imprisonment. Defendant appeals from this judgment.

The evidence shows that Officers Daniel Simpher and Richard Gregorc of the St. Louis Police Department were on patrol duty when they stopped a car in which Michael Colter, his brother Clyde Colter,

and defendant Raymond Moomey were riding. Michael Colter was driving the automobile, defendant was sitting in the front passenger's seat, and Clyde Colter was sitting in the rear seat, passenger side. The officers stopped the car because they could not read the license plates and because the trunk lock was punched out. The policemen stopped their patrol car immediately behind the vehicle in which the three men were riding. Officer Simpher then approached the vehicle on the passenger's side, while Officer Gregorc approached it from the driver's side. As they neared the car both officers observed the driver bend over and apparently place something under the front seat. Officer Gregorc asked the driver of the automobile for his operator's license. The driver identified himself and informed the officer that he had no license. He was then placed under arrest for driving without a license, and the two other men were asked to get out of the vehicle. As defendant got out of the front passenger's seat, he told Officer Simpher he owned the car. Defendant was then arrested for permitting an unlicensed person to operate his motor vehicle and subjected to a pat down. Defendant was not given his *Miranda* rights at this time. In the course of this search Officer Simpher found a .22 caliber pistol in defendant's right front coat pocket. Defendant was advised that he was under arrest for carrying a concealed weapon. The police officer then read defendant his *Miranda* rights for the first time. Defendant also stated that the gun belonged to his wife.

Prior to trial defendant moved to suppress the .22 caliber pistol. This motion was overruled and the trial proceeded. During the trial defendant testified in his own behalf that he was not carrying a weapon when apprehended by Officers Simpher and Gregorc. He also stated that he was placed under arrest only after the pat down and was never given a *Miranda* warning.

We deal first with defendant's contention that the trial court erred in overruling his motion to suppress the .22 caliber pistol found on defendant because the search violated his constitutional rights. Defendant's theory is that the warrantless search was not incidental to a lawful arrest and the defendant had given no indication that he would harm the officer or any one else.

Generally, a warrantless search is unreasonable under the 4th and 14th Amendments unless it is within one of the well-settled exceptions to the warrant requirement. One such exception permits a warrantless search if it is incidental to a lawful arrest. *State v. Love*, 546 S.W.2d 441, 450 (Mo.App.1976). This exception includes searches incidental to a lawful arrest for traffic violations. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

Defendant was arrested for violating § 302.260 RSMo 1969, which prohibits an automobile owner or one in control from permitting an unlicensed driver to operate his automobile. Such a violation is a misdemeanor under § 302.340, RSMo 1969. The test for determining the legality of the defendant's arrest, made without a warrant and for a misdemeanor, is whether the arresting officer had probable cause to believe that defendant committed the crime. § 84.090(10) RSMo 1969. See also *State v. Hedrick*, 534 S.W.2d 578, 581–583 (Mo.App. 1976).

The evidence shows the car was stopped because its license plates were indistinguishable and the lock on the trunk door had been punched out. As soon as the officers approached the car the driver attempted to conceal something under the seat. The driver then informed the officers that he did not have a license. As defendant stepped out of the car, he told one of the officers that he owned the automobile. Defendant's statement that he owned the vehicle was clearly voluntary and does not fall within the prohibition of *Miranda*. *State v. Wintjen*, 522 S.W.2d 628, 630 (Mo. App.1975). Under these circumstances the officer had probable cause to believe that defendant owned or controlled the car and that he was permitting an unlicensed person to drive it. Therefore, under these

circumstances a limited search was proper. See *Pennsylvania v. Mimms*, 434 U.S. 106, 94 S.Ct. 330, 54 L.Ed.2d 331 1977). The court did not err in denying the motion to suppress.

Defendant's second contention is that the trial court erred in denying his motion for a mistrial after the prosecutor, in rebuttal during closing argument, referred to the failure of defendant's wife to testify.

A review of the transcript demonstrates that during the initial portion of his closing argument, the prosecutor stated that defendant's own testimony was the only evidence that the gun belonged to defendant's wife. He then referred to defendant's wife and stated that she "could straighten this whole thing up." Defendant made no objection at this time. During his closing argument, defense counsel himself referred to the wife's failure to testify, and stated that the prosecutor would simply have attacked her credibility, had she been a witness. In rebuttal argument, the prosecutor again referred to the defendant's failure to call certain witnesses, this time eliciting an objection and a request for a mistrial from defense counsel, who also pointed out to the court that the court had denied defendant the opportunity to call defendant's wife. The court overruled the motion for a mistrial, but instructed the jury "that under the law applicable to this case, it would not permit that the wife could testify either on behalf of the State or the defendant." The court then added, "Do not take this into consideration in reaching your verdict."

■ In his brief, counsel for defendant argues that a mistrial should have been granted because the prosecutor's comments violated Supreme Court Rule 26.08 and § 546.270 RSMo 1969, both of which prohibit comments on the failure of the defendant or defendant's spouse to testify at the trial. However, the defense counsel did not object to the prosecutor's original reference to the failure of defendant's wife to testify. Moreover, he made reference to that fact in the defense portion of closing argument. By the failure to preserve his objection to the prosecutor's original comments, *State v. Harris*, 534 S.W.2d 516, 518 (Mo.App.1976),

and by the defense counsel's own reference to the failure of defendant's wife to testify, *State v. Green*, 549 S.W.2d 644, 646 (Mo. App.1977), defendant has waived his rights under Supreme Court Rule 26 and § 546.-270.

Finally defendant contends that the trial court erred in overruling his objection to a portion of the prosecutor's closing argument in which the prosecutor allegedly referred to defense counsel's having manufactured defendant's testimony. The allegedly prejudicial comments were made in apparent response to the following statements made by defense counsel:

> And Ray Moomey—You saw him on the witness stand. I didn't have—There is no law to make me put Ray Moomey on the witness stand. You look at him—a 100 percent disabled person, no job. He's on social security. He would be putty in the hands of any policeman or attorney. He got on the witness stand, and he couldn't even talk good. He didn't even know how to spell the name of his street for the reporter. The prosecutor would have you believe that he fabricated this whole story. And if you believe that, shame on you.

The prosecutor made the following statements in rebuttal:

> He [defense counsel] comes in and says Ray Moomey doesn't know what he's doing; he doesn't have the mental capacity to think of those things. Well, you heard Ray's testimony. What did he say? No— no— yes. Maybe he didn't think of that story. Ray Moomey is represented by somebody who is very able in this—

At this point defense counsel interrupted. However, his objection to this the above statement was overruled, his request that the jury be instructed to disregard the statement was refused, and his motion for a mistrial denied.

■ The prosecutor can argue from the record, within the bounds of professional decorum, that a witness' testimony is false, but arguments alleging that the defense counsel has suborned perjury or fabricated the defense are improper. See *State v. Davit*, 125 S.W.2d 47, 54 (Mo.1938). The

trial court is given wide discretion in the control of jury arguments and whether comments by the prosecutor are prejudicial. *State v. Westmoreland*, 541 S.W.2d 769, 772 (Mo.App.1976). We cannot say that the prosecutor's comments implied that the defense counsel manufactured defendant's testimony, even though the defense attorney took them as such. After the court overruled defendant's objection, the prosecutor continued to discuss the case but made no reference to wrongdoing on the part of the defendant's counsel. Nowhere else in the record does the prosecutor explicitly or implicitly accuse the defense attorney of fabricating his client's defense. Moreover, the prosecutor's further reference to the defendant's mental capacity and the possibility of defendant having concocted a story was within the prosecutor's right in closing argument to comment on the evidence and the credibility of the witness. We find no error here.

Judgment affirmed.

GUNN and CRIST, JJ., concur.