STATE of Missouri, Respondent,

v.

John Lee GIBSON, Appellant.

No. 61365.

Supreme Court of Missouri,
En Banc.

Aug. 31, 1982.
Rehearing Denied Sept. 13, 1982.

Melvin G. Franke, Union, Timothy A. Braun, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant was acquitted of one count of sodomy, but convicted of one count of forcible rape and one count of kidnapping and was sentenced to terms of twenty years and five years respectively with said terms to run consecutively. Secs. 559.260 and 559.-240, RSMo 1969. The appeal therefrom revolves around the application and alleged unconstitutionality of § 491.015, RSMo 1978, commonly referred to as the "rape shield" statute. We reverse and remand.

There is no dispute between the prosecutrix (herein referred to as the complainant) and the appellant as to whether or not the sexual activity actually did occur. However, appellant submits that the same was consensual while the complainant asserts that it followed "forcible compulsion" upon her. At trial, appellant sought to introduce evidence that the complainant had had sexual relations with her boyfriend sometime within two or three hours of the alleged rape, but the trial court excluded the evidence. Two issues are raised on appeal: (1) the admissibility of the evidence under the statute, and (2) the constitutionality of the statute. Because we decide that the evidence was admissible under the statute, we need not reach the second issue.[1]

Sec. 491.015, RSMo 1978, reads as follows:

1. In prosecutions for the crimes of rape, attempt to commit rape, or conspiracy to commit rape, opinion and reputation evidence of the complaining witness' prior sexual conduct is inadmissible; evidence of specific instances of the complaining witness' prior sexual conduct or the absence of such instances or conduct is inadmissible, except where such specific instances are:

(1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent and the evidence is reasonably contemporaneous with the date of the alleged crime; or

(2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;

(3) Evidence of immediate surrounding circumstances of the alleged crime; or

(4) Evidence relating to the previous chastity of the complaining witness in cases, where, by statute, previously chaste character is required to be proved by the prosecution.

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

3. If the defendant proposes to offer evidence of the sexual conduct of the complaining witness under this section, he shall file with the court a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury. The court shall hold an in camera hearing to determine the sufficiency of the offer of

---

1. Additionally, we recently declared the statute to be facially constitutional in *State v. Brown*, 636 S.W.2d 929 (Mo. banc 1982) but there always remains the possibility of an unconstitutional application thereof.

proof and may at that hearing hear evidence if the court deems it necessary to determine the sufficiency of the offer of proof. If the court finds any of the evidence offered admissible under this section the court shall make an order stating the scope of the evidence which may be introduced. Objections to any decision of the court under this section may be made by either the prosecution or the defendant in the manner provided by law. The in camera hearing shall be recorded and the court shall set forth its reasons for its ruling. The record of the in camera hearing shall be sealed for delivery to the parties and to the appellate court in the event of an appeal or other post trial proceeding.

We have ruled that the statute creates only a "presumption" that evidence of a victim's prior sexual conduct is irrelevant. *State v. Brown,* 636 S.W.2d 929, 933 (Mo. banc 1982). The statute enumerates exceptions to the general presumption, § 491.-015.1(1) (4); and, additionally, § 491.-015.2 allows the trial court to admit evidence that it "finds ... relevant to a material fact or issue." Upon an examination of the whole record, we find that appellant's proffered evidence was "[e]vidence of immediate surrounding circumstances of the alleged crime," § 491.015.1(3), and, moreover, that it was probative of material issues, namely, whether the complainant had consented to the sexual acts now charged and whether appellant reasonably believed that she had.

■ Generally, the so-called "rape shield" statutes have been enacted to redress "the faulty premise upon which evidence of prior sexual conduct traditionally had been admitted." *Id.* That premise was that prior sexual experience was probative of a general inclination to have sexual experience and of credibility. The statute sought to square law and logic as well as to encourage the victims of rape to assist law enforcement by removing the threat that the intimate details of their past sexual activities would be published. The statute, however, does not ignore the fact that not all evidence of prior sexual acts requires an "archaic prejudice" as a major premise to probativeness; because, in a particular case, a prior sexual experience may be probative of a material issue.

■ Generally, whether evidence is relevant and whether its probative value outweighs its inflammatory and prejudicial dangers are for the trial court to decide, and the trial court's decision will not be disturbed unless its discretion is abused. *State v. Wood,* 596 S.W.2d 394, 402 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). *State v. Shaw,* 636 S.W.2d 667, 671 (Mo. banc 1982). A fact that tends to corroborate evidence relevant to a material issue is relevant evidence although it may not alone be probative of an ultimate fact. *State v. Mercer,* 618 S.W.2d 1, 9 (Mo. banc 1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981). Due process does not require that all relevant evidence be received into evidence, *People v. Blackburn,* 56 Cal.App.3d 685, 128 Cal.Rptr. 864 (1976), cited in *State v. Brown, supra,* 636 S.W.2d at 934 fn. 7 at 6, and a trial court has discretion to refuse *highly prejudicial* albeit relevant evidence. *United States v. Kasto,* 584 F.2d 268, 272 (8th Cir. 1978). Nevertheless, this Court has said many times that relevance, not prejudice, is the touchstone of due process, *State v. Shaw, supra,* and we here note the special urgency of this proposition where the evidence in question might tend to prove innocence.

■ In the case at bar, appellant testified that the complainant told him, while she was with him at the time of the alleged kidnapping and rape, that she was having sexual problems with her boyfriend. Appellant sought to introduce evidence at the trial that the complainant had told the attending physician, and nurse who examined her, that she had had sexual relations with her boyfriend at approximately 10:30 p. m. The rape allegedly occurred between 11:15 p. m. and 1:00 a. m. In his offer of proof, appellant argued that the evidence was rel-

evant to motive: motive to have sex, motive to lie and motive to go to a hospital (fear of pregnancy). Appellant also sought to examine the boyfriend as to whether any argument had occurred with the complainant, earlier in the evening, but the court refused to permit this line of questioning.

Upon consideration of the whole record, we find that the trial court erred in refusing the proffered evidence because it was "evidence of immediate surrounding circumstances" and because it was highly probative of the issue of consent and appellant's mental state. As appellant argues on appeal, it is true that rape cases generally turn upon whom a jury believes. Here evidence tending to corroborate appellant's testimony came from the complainant's own mouth within two or three hours of the alleged rape. The evidence was not offered to show a general inclination to have a sexual experience, but, rather to prove a specific motive. That it may have been inflammatory is outweighed by the fact that this evidence was extrinsic to appel-

lant's own testimony, tended to corroborate that testimony and concerned statements and sexual acts that occurred in very close temporal proximity to the alleged rape. The statement to the physician was the single shred of evidence available to appellant that came from a third party, one who had no apparent reason to lie, and this evidence was part of the immediate surrounding circumstances.

Because the proffered evidence was probative of the issue of consent, which is central both to the rape and the kidnapping, the judgments on both counts are reversed and the cause is remanded.

All concur.