**STATE of Missouri, Respondent,**

v.

**John Lee GIBSON, Appellant.**

**No. 47018.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 1985.

Application to Transfer Denied Feb. 26, 1985.

Timothy A. Braun, St. Charles, for appellant.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for kidnapping and rape, for which defendant was sentenced to five years imprisonment for kidnapping and eleven years imprisonment for rape. These sentences were to be served consecutively to each other and consecutively to the sentences in two other St. Charles County cases. We modify the sentences and affirm as modified.

Victim exited her car, which was parked in front of her home, at about 11:00 p.m. on May 17, 1977. Defendant drove up next to her and forced her into his car at gunpoint. They then drove to a deserted area where defendant raped victim, and they then returned to the area where victim lived and defendant dropped her off about 3 blocks from her home. Defendant was first convicted of the charges in December, 1979. The convictions were reversed and the case remanded for a new trial by the Missouri Supreme Court. *State v. Gibson,* 636 S.W.2d 956 (Mo.banc 1982). On that retrial, defendant was again convicted and appeals anew.

■ On voir dire, the prosecutor, over objection, asked if any member of the panel "would give the victim's testimony any less weight or tend to disbelieve her solely for the fact that she will admit she had intercourse with her boyfriend before this alleged rape took place?" The denial of admission of this evidence of prior sexual activity referred to in the inquiry was the ground for reversal of defendant's first conviction. The Supreme Court reasoned that such evidence was admissible under the "Rape Shield" statute § 491.015, RSMo 1978, both because it was evidence of the immediate surrounding circumstances, § 491.015.1(3), RSMo 1978, and because it was probative of the issue of consent. *Gibson,* 636 S.W.2d at 958–59. Defendant claims the inquiry was tantamount to instructing the jury to disregard evidence specifically ruled relevant by the Supreme Court.

Nothing in this inquiry restricted or foreclosed jury consideration of their evidence on the issues approved by the Supreme Court in *Gibson.* Rather, the question was a proper attempt to discover whether any prospective jurors had moral scruples or personal biases which would prevent their consideration of or cause them to denigrate the general credibility of victim's testimony solely because of her premarital sexual activity prior to the commission of the alleged rape. *See State v. Neal,* 591 S.W.2d 178, 181–82 (Mo.App.1979); *State v. Roseman,* 583 S.W.2d 232, 233–34 (Mo.App.1979).

■ Defendant also claims the trial court erred in prohibiting him from stating in his opening statement, what he would prove in cross-examination of the state's witnesses. This ruling was not in error. In opening statement, the party should outline the evidence he intends to produce, and not argue the case or attack the credibility of the state's witnesses. *State v. Bibbs,* 634 S.W.2d 499, 501 (Mo.App.1982); *State v. Ivory,* 609 S.W.2d 217, 221–22 (Mo.App. 1980).

■ Defendant asserts the trial court erred again when it admitted a statement by defendant to victim that "he did this to other women all the time so [the victim] just better accept the fact he was going to do it." He claims this was evidence of highly prejudicial *unchanged* misconduct, and its admission entitles him to a new trial. We disagree.

The statement in question was not offered for the truth of the content. It was not offered to prove defendant had kidnapped and raped other women. Rather, it was offered to illustrate the circumstances surrounding the abduction and rape. Victim, who was crying, was held in a moving car against her will. Defendant said he did not want to hurt her, and for her to shut up. He then made the statement at issue. This statement indicated a threat to victim, which tends to negate any defense of con-

sent, and legitimately tends to establish guilt. Additionally, it was admissible as a part of the *res gestae.* *State v. Albritton,* 660 S.W.2d 322, 328–29 (Mo.App.1983); *State v. Beardsley,* 549 S.W.2d 133, 135–36 (Mo.App.1977).

Defendant makes several complaints, some properly preserved and some not, concerning the prosecutor's final arguments. The prosecution's statements at issue were to the effect the defendant's lawyer did not believe the statements defendant gave the police after his arrest, defendant wanted to change his defense (which the statements indicated could have been alibi) after he had been positively identified and that defendant's lawyer admitted defendant lied (Defendant's objection to this statement was sustained with no further relief requested). Defendant also asserts the statements implied the defense attorney improperly fabricated the defense.

■■■ We have considered the statements themselves, the context in which they were made, the objection made (and those not made) and the rulings thereon. The comments did not have a decisive effect on the jury. The trial court has wide discretion in controlling the content and extent of final argument, and we find no abuse of such discretion here. *E.g. State v. Ballard,* 657 S.W.2d 302, 307–08 (Mo. App.1983); *State v. Moomey,* 581 S.W.2d 899, 902–03 (Mo.App.1979).

Defendant's final point contains a valid objection to his sentence. At his first trial, the jury recommended sentences of five years for kidnapping and twenty years for rape. The court imposed the sentences consecutively, but, as no mention was made of the two sentences aggregating forty years defendant was already serving in two other St. Charles cases, they were to be served concurrently with those sentences. On retrial, the jury recommended sentences of five years for kidnapping and eleven years for rape. The court sentenced defendant to the recommended terms running them consecutive to themselves and to the sentences in the other two cases. The

court stated as its reason "the court feels that if we were to make these sentences concurrent it would do an injustice to every woman in the State of Missouri." This effectually increased defendant's sentences from forty years before appeal to fifty-six years after appeal.

■■■ For a sentence to be increased on a retrial after a successful appeal, the court must state its reasons for the increase which must be "based upon objective information concerning identifiable conduct" by defendant after imposition of the original sentences. *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969). The record, at best, is unclear as to the reasons involved here. The state has moved this court to remand for a hearing limited to the question of the sentence, to allow the trial court to make the statement required by *Pearce.* However, considering the interests of both the state and the defendant, we believe it is appropriate to modify the judgment and sentences so defendant receives the sentences recommended by the jury.

The judgment and sentences are hereby modified so that consecutive sentences of five years for kidnapping and eleven years for rape shall be served concurrently with the sentences imposed in the St. Charles County Causes Numbered 19395 and 19396. The judgment and sentencing, in all other respects, is affirmed.

DOWD, C.J., and CRANDALL, J., concur.