STATE of Missouri, Plaintiff–Appellant,

v.

Kurt Allen PERKINS,
Defendant–Respondent.

No. 55752.

Missouri Court of Appeals,
Eastern District,
Division One.

March 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1989.

---

William J. Hannah, Pros. Atty., Kent W. Fanning, Asst. Pros. Atty., St. Charles, for plaintiff-appellant.

S. Lee Patton, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Defendant, Kurt Alan Perkins, moved to suppress certain inculpatory statements made to the police. The trial court, after an evidentiary hearing, sustained his motion. The State of Missouri appeals pursuant to § 547.200, RSMo (1986). We reverse and remand with directions.

At the suppression hearing, the evidence established that, in December 1986, defendant was convicted of first degree murder, armed criminal action, and stealing, all in connection with the slaying of a 75 year old man. He was sentenced to life imprisonment without possibility of parole, life imprisonment, and seven years' imprisonment, respectively, the sentences to run consecutively. Defendant appealed his convictions.

Pending his appeal, defendant was incarcerated in the State penitentiary in Jeffer- son City. On January 20, 1988, he made a collect telephone call to a police detective. The telephone conversation was taped. During that conversation, defendant expressed his displeasure that an uncharged accomplice in the murder, Bryan McBenge, was scheduled for release from another penal institution where he was incarcerated on unrelated charges. Defendant told the detective that he would provide information to support the conviction of McBenge for the murder of the 75 year old man.

Defendant, a self-described "terrorist," wanted to know what the police could do for him in return. The detective did not agree to any deal with defendant and informed defendant that he was not in a position to do anything for him. The detective repeatedly told defendant, however, that he wanted to "sit down and talk" with him about McBenge's involvement in the murder.

Defendant subsequently made a second telephone call to the detective on January 27, 1988. He reiterated his offer to incriminate McBenge. He asked when the detective was coming to the prison to talk with him.

On January 28, 1988, pursuant to defendant's request, two detectives went to interview defendant at the prison in Jefferson City. Defendant told the detectives that he had informed his attorney that he was speaking with the police about McBenge's involvement in the murder. At the meeting defendant made inculpatory statements about his own participation in the murder. No *Miranda* warnings were given to defendant either at this interview or during any of the telephone conversations.

On May 10, 1988, this court reversed defendant's convictions and remanded for a new trial. *State v. Perkins*, 753 S.W.2d 567 (Mo.App.1988).

Upon retrial, defendant moved to suppress his statements to the police officers. After an evidentiary hearing, the trial court suppressed defendant's statements, taped or otherwise, on the ground that the police officers' "interrogation ... violated

[defendant's] right against self-incrimination as well as right to counsel...."

■ In its first point, State contends that defendant's statements were admissible because they were voluntary and not the product of a custodial interrogation. *Miranda* rights are required to be given before questioning a person who "has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966). *Miranda* protects only against the use of statements arising from a custodial interrogation without use of procedural safeguards. *State v. Reasonover*, 714 S.W.2d 706, 716 (Mo.App.1986), *cert. denied*, 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 771 (1987). Volunteered statements are not barred by the Fifth Amendment. *Gregg v. State*, 446 S.W.2d 630, 632 (Mo.1969).

The first prong of our inquiry is whether defendant was "in custody" for purposes of *Miranda*. We assume for purposes of our inquiry that defendant was "in custody" when he made the incriminating statements to the police. *See Perkins*, 753 S.W.2d at 570–571 (citing *Mathis v. United States*, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968)).

Our next inquiry is whether the statements made by defendant were the product of a custodial interrogation. In the present case, defendant initiated the contact with the police and voluntarily spoke with the police both over the phone and at the prison. *See Reasonover*, 714 S.W.2d at 716. Although defendant was incarcerated in prison at the time of his conversations with the police, he was free to hang up the telephone during the phone conversations and to leave the room at the prison during the subsequent interview. There was no police coercion or compulsion involved in any of the interviews. The police did not resort to trickery to induce defendant's statements. *Compare Perkins*, 753 S.W.2d at 572. The trial court erred in

finding that defendant's statements were the product of a custodial interrogation.

■ In its second point, State asserts that the trial court erred in finding that defendant was denied his Sixth Amendment right to counsel because defendant voluntarily waived counsel's presence at the interview.

The "bright-line" rule of *Edwards v. Arizona*, 451 U.S. 477, 484–485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981) dictates that, once a suspect expresses his desire to deal with the police only through counsel, he may not be subjected to further interrogation unless he himself initiates further communication, exchanges, or conversations with the police.

Here, at no time did defendant request counsel. In fact, he told the police officers that his attorney authorized his speaking to them about McBenge without the presence of counsel. The police officers did not threaten, trick, or cajole defendant into waiving his right to counsel at the interview. *See State v. Evans*, 676 S.W.2d 324, 327 (Mo.App.1984). As discussed above, any contact with the police was invited by defendant. The trial court erred in finding that defendant's right to counsel was violated.

The order is reversed and remanded with directions to overrule defendant's motion to suppress.[1]

REINHARD and CRIST, JJ., concur.

1. Defendant's motion on appeal to strike exhibit A, the tape of the January 20 phone conversation with police, is overruled.