STATE of Missouri, Appellant,

v.

Kim REESE, Respondent.

No. ED 77584.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied
Oct. 3, 2000.

---

quired and asked her to go to police headquarters. She agreed and was given a ride in a police vehicle. She was not given a *Miranda* warning.

She was taken to an interview room at police headquarters, where the detectives explained to her "that the check may have been—may not have been a good check. However, we couldn't verify that till the next day."

The defendant then made a statement reported by Detective Robinson, as follows:

> She told us that she didn't want to waste our time, that she needed to make some money, and that she knew that the check was no good.

The officers then gave her a *Miranda* warning. She said that she understood her rights, and they questioned her. She made an oral statement, admitting guilt of forging the check in question. She was then again notified of her *Miranda* rights and signed a written statement.

Although the defendant could have testified giving her version of the events, and her testimony could not have been used against her in any other proceeding, *State v. Samuels*, 965 S.W.2d 913, 917 (Mo.App. 1998), she did not take the stand. Detective Robinson was the only witness.

Robert A. Dawid, St. Louis, for appellant.

Eric S. Affholter, Asst. Cir. Atty., St. Louis, for respondent.

CHARLES B. BLACKMAR, Sr. Judge.

The state appeals the order of the circuit court sustaining the defendant's motion to suppress an oral and a written statement by the defendant. The appeal is authorized by Section 547.200.3 RSMo (Cum.Supp.1998) permitting interlocutory appeals from orders suppressing confessions or admissions. We reverse and remand. The able briefing and argument by counsel for both sides have been helpful to us.

The defendant was approached by uniformed police officers who had been called because of a check she had presented to a currency exchange. The officers requested assistance and two detectives arrived. Detective Terrell Robinson told the defendant that further investigation was re-

■ The trial judge found that the defendant was in custody when she made her initial admission, and that this admission, given without *Miranda* warnings, tainted the later statements. The state argues that she was not in custody at the time, because she voluntarily agreed to accompany the officers. We need not decide whether or not she was in custody, for reasons which will later appear. We suggest, however, that it would be good practice to tell persons in her position that they would be free to leave if they so desired. Otherwise the prudent course is to give the *Miranda* warnings.

■ The prophylactic rule of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966), comes into play only if there is an interrogation. The record before us shows no indication of questioning. What it shows, rather, is that after Detective Robertson explained the purpose of his investigation, the defendant immediately came forth with her statement indicating guilt, after which the warnings were immediately given. The trial judge explained in detail his reasons for finding that she was in custody, but made no finding as to whether or not there was interrogation. We conclude that her admission was given spontaneously and without any indication of police pressure.

Our conclusion is supposed by *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). There a person who had been arrested on suspicion of armed robbery had been given *Miranda* warnings and indicated that he wanted a lawyer. As he was being driven to the police station the two officers in the front seat talked about the danger if the shotgun alleged to have been used were to fall into the hands of crippled children in the vicinity. The defendant interrupted the officers and told them where the shotgun could be found. The Court concluded that the defendant "was not subjected by the police to words or actions that the police should have known were reasonably likely to elicit an incriminating response ..." *Id.* at 303, 100 S.Ct. 1682.

Also of interest is *Gregg v. State,* 446 S.W.2d 630 (Mo.1969). There the elderly defendant had been arrested for allegedly shooting and killing his roommate, and a rifle had been seized. The officer taking the fingerprints suggested that the weapon "ought to be a good deer rifle." *Id.* at 632. The defendant responded, "I don't know about a deer rifle, but it took care of old Bob." *Id.* The court, speaking through Judge Higgins, held that the statement was spontaneous and not the result of any improper interrogation. *Id.*

▪ *Miranda* and related cases exist not to invest criminal suspects with new rights, but rather to guarantee that existing constitutional rights are respected and protected. Violations should not be countenanced. It is also important, however, that efforts of law enforcement officers that are within the law should not be impeded by unwarranted extensions of the prophylactic rules. The legislature, by permitting rare interlocutory appeals from suppression orders, shows concern about the adverse effects of overzealous application of these rules.

The order suppressing the statements is reversed and the case is remanded for further proceedings.

MARY RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, J., concur.